### LUTHER B. BULL *vs.* THE TOWN OF WARREN.

Under the statute which provides that the warnings of town meetings shall "specify the objects" for which the meetings are to be holden, no technical nicety is necessary in drawing the notice or in specifying the object of a meeting, and the inhabitants when assembled can not be controlled in their action by the form or phraseology of the notice if the essential elements of the object are embraced in it.

A town meeting was warned "for the purpose of acting on a proposition to pay such money as might be deemed expedient to such *citizens of the town*" as should volunteer and be mustered into the military service of the United States, and be applied on the quota of the town. Held that a vote offering a bounty to any volunteers who should be mustered into the service and applied on the quota of the town, without limiting it to citizens of the town, was valid under the notice.

BILL IN EQUITY to set aside an injunction and to compel the respondent town to pay the petitioner certain bounty claimed by him under a vote of the town as a volunteer in the military service of the United States. The Superior Court (*Minor, J.,*) made a finding of the facts and granted the prayer of the petition, and the respondents brought the record before this court by motion in error.

*G. C. Woodruff* and *Graves,* for the plaintiffs in error.

*Andrews,* for the defendant in error.

BUTLER, J. In August, 1864, after the call by the Presi-

dent for five hundred thousand men under the act of Congress of 1863, a town meeting was called in the town of Warren, pursuant to a warning " for the purpose of acting on a proposition to pay such money as might be deemed expedient, to such citizens of the town as should volunteer under said call, and be mustered into said service, and apply on the quota of the town under said call."

At that meeting the following vote was passed:

" Voted, to pay the volunteer and drafted men two hundred dollars each. And also to pay those who volunteer, are drafted, and enter the° service, or furnish substitutes before or after the draft, who shall be mustered into the service of the United States in their stead, each four hundred dollars, provided they apply on the quota of this town, under the present call for five hundred thousand men."

Very soon after the passage of that vote the plaintiff enlisted as a volunteer and was mustered into the service of the United States and applied on the quota of the town under the call referred to. At the time of such enlistment the plaintiff was a settled inhabitant of the adjoining town of Kent, but at that time and for several months previous thereto he was and had been residing in the town of Warren, at work for a citizen of that town.

Upon these facts the plaintiff obtained a decree for the bounty and interest against the town, and the town by a motion in error brings the case before us for revision.

The error relied upon is, that " the vote was void, because the purpose was not specified in the warning. The warning confined the grant to citizens of the town. The vote purported to give it to all, whether citizens or not, and the petitioner was not a citizen of Warren." This is the point made by the respondent's counsel, as it appears upon their brief. It is sharply technical, and is untenable. It involves the proposition that under the warning the town had no power to vote a bounty to any one who should enlist unless he was a citizen of the town.

The power of the town to pass the vote under the warning, (if not otherwise questionable,) could not be questioned, but

Bull *v.* Town of Warren.

for the provision in the statute requiring that the warning should " specify the objects " for which the meeting was to be holden. That provision of the law has been often before this court, but it has never been holden or supposed here, or in the community, that any technical nicety was necessary in drawing the notice, or in specifying the objects of the meeting ; or that the inhabitants when assembled could be controlled to any extent in their action by the form or phraseology of the notice, if the essential elements of the object were embraced in it. Now it is perfectly apparent that the essential elements of the object for which the meeting was called, were to provide volunteers who should apply on the quota of the town, and prevent the draft, which was imminent, by the agency of a bounty voted by the town. Those elements were clearly and explicitly set forth, and we discover nothing to indicate that a limitation of the bounty to *citizens* was intended to be an element of the object. It certainly cannot be inferred from the notice, for, in the first place, the term " citizen " is not an apt and correct term for that purpose. Our constitution and statutes with great uniformity use the word citizen to designate one who is a citizen of the *state* and of the *United States*, and the term *inhabitant* to designate the domiciled resident of a town, and such is the general acception of the terms. Second, the principal object of the meeting was to procure volunteers, fill the quota and prevent a draft. Domiciled inhabitants of the town could answer this object no better than residents. Third, the act of Congress subjected *residents*, not citizens, to draft, and the plaintiff was as liable to draft as he would have been if domiciled, and had the same interest in that principal object. Finally, we all well know that these notices are prepared by the selectmen in performing a *ministerial duty* to call the meeting, without thought or intention to limit the action of the town by the use of technical descriptive words, and that it would be unsafe and mischievous to give to their notices any such effect.

For these reasons we think there is no error in the decree and so the Superior Court is advised.

In this opinion the other judges concurred.