THE GRAVEL HILL SCHOOL DISTRICT vs. THE OLD FARM SCHOOL DISTRICT.

Hartford Dist., May T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

By Gen. Statutes, p. 134, secs. 1, 6 and 7, towns are empowered, on application of persons interested, to form, alter and dissolve school districts within their limits, with a right of appeal, on the part of any district aggrieved, to the Superior Court, which is to have "the same power to act upon such application as the town had." Held that the court is not limited to an affirming or reversing of the action of the town, but can allow such application in whole or in part according to its discretion.

And the town would not be limited in its action to an allowance or disallowance of the application, but could allow a part of the change asked for and disallow the rest, keeping within the limit of the application and of the warning of the meeting.

[Argued May 3d—decided May 20th, 1887.]

APPEAL to the Superior Court in Hartford County from

the denial by the town of Bloomfield of an application for the annexation of a part of the defendant school district to the plaintiff school district under Gen. Statutes, p. 134, sec. 1. The court (*Stoddard, J.,*) upon a finding of the facts by a committee, passed a decree annexing a part of the territory included in the application, but not the whole of it, the part annexed being materially less than that asked for. The plaintiff district appealed, on the ground that such partial annexation could not be made under the application. The case is fully stated in the opinion.

*L. Morse*, for the appellant.

*S. O. Prentice*, for the appellee.

BEARDSLEY, J. On the 20th day of March, 1885, application was made to a town meeting of the town of Bloomfield, to annex a part of the territory of the Old Farm School district lying in that town to the Gravel Hill district, lying partly within the town.

Notice that such application would be made, describing the territory proposed to be taken from the one district and annexed to the other, was given pursuant to the statute (Revised Statutes, p. 135, sec. 6,) and a town meeting was duly warned to consider the application. The application was rejected by the town meeting, and thereupon the Gravel Hill district, proceeding under the statute, appealed to the Superior Court, which court rendered judgment that a part only of the territory applied for should be annexed to the Gravel Hill district. From this judgment the Old Farm district has appealed to this court, assigning as error that "the court erred in adjudging that a fraction of the territory in question, materially less than that asked for, should be set out from the Old Farm district and annexed to the plaintiff district; whereas it should have either sustained the action of the town or *in toto* reversed it."

The 7th section of the statute before referred to provides that the Superior Court on appeal "shall have the

same power to act upon such application that such town had." This language admits of no other construction than that the authority of the court to act is not affected by the prior action of the town, and is subject to no limitations except those imposed upon the town and court alike by the preliminary notice referred to and the warning of the town meeting. It is claimed that the court under the notice and warning could only wholly grant or reject the application.

The obvious design of the provision for notice to the districts to be more immediately affected by the proposed change, is to give their inhabitants earlier and more direct notice of the application than would be afforded by the warning of the town meeting. No reason is suggested why such notice should be more minute or specific as to the character of the application than the warning of the meeting.

As to the requisites of such warnings, the court in *Bartlett* v. *Kinsley*, 15 Conn., 327, says:—"It cannot be necessary to state the business so fully and precisely that no opportunity for change and no variation of mode shall be left to the meeting." See also *South School District* v. *Blakeslee*, 13 Conn., 234 ; *Bull* v. *Warren*, 36 Conn., 85.

It is not perceived upon what principle the appellants can object that only part of the territory applied for was taken from them. In suits at law or in equity the plaintiff may recover any part of the damages he claims or any part of the relief he asks for. It would hardly be doubted that a town or school meeting warned to act upon a proposition to appropriate, for a specified purpose, a definite sum of money, could appropriate less than the sum named in the warning.

The principle applicable in such cases is suggested by the maxim, *omne majus in se minus continet.*

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.