KLEMMENT A. JOHNSON
*vs.*
EDITH MILLER ET AL.

Superior Court      Hartford County      File No. 72009

MEMORANDUM FILED OCTOBER 17, 1944.

*Arthur E. Howard,* of Hartford, for the Plaintiff.

*H. Roger Jones,* of Winsted, and *Frank E. Healy,* of Windsor Locks, for the Defendants.

O'SULLIVAN, J. The defendants are the members of the Board of Education of the Town of Hartland. On September 15, 1944, a temporary injunction was issued restraining them from proceeding with the construction of an addition to a school house in East Hartland. The injunction was phrased in such a manner as to be effective until September 21, 1944, on which day the defendants were cited to appear to show cause why the life of the restraining order should not be extended. A hearing was held on the latter date and the parties were heard, it being agreed that the injunction's terms would be honored thereafter until further order of the court.

The essential facts appear to be these: At a special town meeting of the legal voters of Hartland held on March 6, 1944, the defendants were authorized to build an addition to the school house in East Hartland and $8,500 was appropriated for this purpose. Bids were thereafter sought by the defendants from contractors who made use of plans and specifications that had been exhibited at the town meeting. The bids

being considerably in excess of the appropriation, the Board of Education decided to do its own constructing and, having somewhat revamped the plans with the approval of the State Board of Education, hired a foreman, contracted with supply houses for material and equipment, and proceeded with the work, which, when completed, will be amply met by the appropriation.

For some reason that is shrouded in mystery, certain townspeople petitioned the selectmen to call a special town meeting on August 23rd. A warning of the meeting was posted, advising the voters that they should gather for these purposes, namely, "(a) to determine what is to be done about the addition of a room to the East Hartland School" and "(b) to appropriate the necessary funds for the building of an additional room." At the meeting it was resolved "that all votes passed at the Special Town Meeting on March 6, 1944, be and hereby are rescinded." Thereafter, a committee, including none of the defendants, was appointed and authorized to construct the addition and $15,000 was appropriated to cover its cost.

When the August meeting was held, work on the addition had proceeded satisfactorily and to a stage where the cellar had been built and some of the woodwork had been set up. The materials to complete the job had been ordered and the progress was under the supervision of an architect.

The defendants urge two grounds on either of which they claim that the injunction ought to lapse. First, they maintain, the vote of the August meeting purporting to rescind the votes of the March meeting is void, due to the selectmen's failure to incorporate in the warning that any such business would be presented to the voters, and secondly, that the Board of Education is not an agent of the Town of Hartland but of the law, and having received an appropriation to build an addition, its activities may not be interfered with.

With the latter claim I make no effort to deal because I am satisfied that the warning was insufficient to make valid the action of the meeting in rescinding the votes of March.

Section 267 of the General Statutes, Revision of 1930, provides that "the warning of each town meeting * * * shall specify the objects for which such meeting is to be held." While the warning need not be couched in language of technical nicety, it must specify the business to be transacted. *Bull vs.*

*Town of Warren,* 36 Conn. 83, 85; *Bedard vs. Cunneen,* 111 id. 338, 341. Many cases deal with the matter under discussion, but all of them seem to stand on the principle expressed in *South School District vs. Blakeslee,,* 13 Conn. 227, 234, that the business. to come before the meeting must be so stated in the warning that the legal voters may fairly understand the purpose for which they are to convene. *Hayden vs. Noyes,* 5 Conn. 391; *Bartlett vs. Kinsley,* 15 id. 327; *Baldwin vs. Town of North Branford,* 32 id. 47; *Brooklyn Trust Co. vs. Town of Hebron,* 51 id. 22; *Wright vs. North School District,* 53 id. 576; *Woodward vs. Reynolds,* 58 id. 486; *Pinney vs. Brown,* 60 id. 164; *State ex rel. Johnson vs. Atchison,* 105 id. 315.

Obviously, there is nothing expressly. stated in the warning as to the proposed rescission of the March vote. And measured in the light of the principle above stated, the warning does not refer inferentially with sufficient clarity, if at all, to the action the meeting eventually took.

Consequently, the vote at the August meeting was void and no other course is available but to refuse to restrain the defendants from proceeding further. As of September 21, 1944, the temporary injunction is dissolved.