MARTIN N. WELLES ET AL. *v.* TOWN OF EAST WINDSOR ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued November 4—decision released December 15, 1981

---

*John F. Harvey, Jr.,* for the appellants (plaintiffs).

*Abbot B. Schwebel,* with whom was *Brian S. Mead,* for the appellees (defendants).

PER CURIAM. This appeal concerns the adequacy of the notice given by a town concerning the site of a proposed town facility. The plaintiffs, Martin N. Welles and Nancy F. Welles, appeal from the refusal of the trial court to grant them injunctive relief against the town of East Windsor and various of its officials who were named as defendants.[1]

There is no disagreement about the underlying facts. In 1977, the East Windsor board of selectmen began to plan for the construction of a town health and safety complex. To facilitate this planning, a special town meeting was called for July 12, 1978. A notice of this meeting was posted and published. That notice advised the public that one of the purposes of the meeting was "[t]o consider and act upon the request of the East Windsor Health and Public Safety Complex Building Committee to locate the East Windsor Police Station and Ambulance Facility on Town-owned land located on Woolam Road adjacent to the Town Highway garage."

The town's property on Woolam Road is a seventeen acre parcel on the corner of Woolam Road and

---

[1] The named defendants are the town of East Windsor, Selectman Edward J. Hastillo of Broad Brook, Selectman Rickey Nadeau of Broad Brook, Selectman Harald Mikkelsen of Broad Brook, Health and Safety Complex Commission of Broad Brook, Kathleen Scanlon of Broad Brook, Edward Rowin of Broad Brook, Alex Gudzunas of Warehouse Point, John Rajala of Broad Brook, Raymond Noble of Warehouse Point, William Loos, Jr., of Broad Brook and Jerry Colombus, Zoning Enforcement Officer of Broad Brook.

Scantic Road. The notice described the property as being on Woolam Road because the town owns, in the same vicinity, another parcel of land that fronts solely on Scantic Road. The property of the plaintiffs abuts the Woolam Road/Scantic Road parcel on Scantic Road.

The town meeting held on July 12, 1978, approved the requested location of the health and safety complex. At that time no site plan was yet available, but it was then planned to locate the complex in proximity to the town garage and to have access roads to the facility from both Woolam Road and Scantic Road. The town garage has a Woolam Road address and is reached via Woolam Road. About a year later it was decided that it would be more advantageous for the town to locate the complex on a different part of the same parcel, 500 feet away from the town garage and in close proximity to the plaintiffs' Scantic Road property. The present site plan for the facility provides for access only from Scantic Road. Notices for various meetings subsequent to July 12, 1978, continued to use the same text as the one published for that earlier special town meeting.

Although other issues were raised in the trial court and in this appeal, we need address only one question: Was the notice given of the July 12, 1978, town meeting adequate to authorize constuction of the health and safety complex at its present site? The trial court was satisfied that the notice was adequate. We disagree.

The requirement of notice to voters is set out in General Statutes § 7-3, which provides that "[t]he warning of each town meeting . . . shall specify the

objects for which such meeting is to be held."[2] The purpose of the required notice is to apprise the voters of the nature and the character of the action that is being proposed. *State ex rel. Johnson* v. *Atchison,* 105 Conn. 315, 324, 135 A. 456 (1926); *Johnson* v. *Miller,* 13 Conn. Sup. 116, 117–18 (1944); see *Kleinsmith* v. *Planning & Zoning Commission,* 157 Conn. 303, 310, 254 A.2d 486 (1968). There is no requirement that the published notice describe the proposed action in detail or with exactitude. *Bedard* v. *Cunneen,* 111 Conn. 338, 341, 149 A. 890

[2] "[General Statutes] Sec. 7-3. WARNING OF TOWN AND OTHER MEETINGS. The warning of each town meeting, and of each meeting of a city, borough, school district or other public community or of an ecclesiastical society, shall specify the objects for which such meeting is to be held. Notice of a town meeting shall be given by posting, upon a signpost or other exterior place nearest to the office of the town clerk of such town and at such other place or places as may be designated as hereinafter provided, a printed or written warning signed by the selectmen, or a majority of them, and by publishing a like warning in a newspaper published in such town or having a circulation therein, such posting and such publication to be at least five days previous to holding the meeting, including the day that notice is given and any Sunday and any legal holiday which may intervene between such posting and such publication and the day of holding such meeting, but not including the day of holding such meeting; but any town may, at an annual meeting, designate any other place or places, in addition to the signpost or other exterior place, at which such warnings shall be set up. The selectmen shall, on or before the day of such meeting, cause a copy of each such warning to be left with the town clerk, who shall record the same. Notice of a meeting of a city or borough shall be given by posting, upon a signpost or other exterior place nearest to the office of the clerk of such city or borough or at such place or places as may be designated by special charter provision, a written or printed warning signed by the mayor or clerk in the case of a city or by the warden or clerk in the case of a borough, and by publishing a like warning in a newspaper published within the limits of such city or borough, or having a circulation therein, at least five days previous to holding the meeting, including the day that notice is given and any Sunday and any legal holiday which may intervene between such posting and such publication and the day of holding such meeting, but not including the day of holding such meeting."

(1930); *Bull* v. *Warren,* 36 Conn. 83, 85 (1869); and see *Gravel Hill School District* v. *Old Farm School District,* 55 Conn. 244, 246, 10 A. 689 (1887).

These principles, which are uncontroverted, are not sufficient to validate a notice which is misleading. The town's notice might well have passed muster had it been less precise, had it merely warned that the proposed health and safety complex would be located on the town-owned land on the corner of Woolam Road and Scantic Road. Such a notice might well have given the town the authority which it is presently seeking to locate the proposed complex anywhere on the seventeen acre parcel described by its abutting streets. The language of the notice actually published by the town is, however, more limiting. This notice indicated that the planned facility would be located "on Woolam Road adjacent to the Town Highway garage." Since we may not discard any part of the notice as surplusage, the narrow question before us is whether the presently proposed location of the health and safety complex can fairly be said to fall within this description.

On the record before us, this question must be answered in the negative. The present site is not encompassed by the warning of a proposed building "on Woolam Road adjacent to the Town Highway garage." The term "adjacent" has no fixed meaning but must, instead, be interpreted in light of the relevant surrounding circumstances. *Plunkett* v. *Weddington,* 318 S.W.2d 885, 887 (Ky. App. 1958); *Grudnosky* v. *Bislow,* 251 Minn. 496, 500, 88 N.W.2d 847 (1958). Necessarily relative, the term connotes nonetheless a site which, although not contiguous, will be near to, or in the general vicinity of, the

stated point of reference, the town highway garage. *State* v. *Angus,* 83 Conn. 137, 141, 75 A. 623 (1910); *Oro Madre Unified School District* v. *Amador County Board of Education,* 8 Cal. App. 3d 408, 416, 87 Cal. Rptr. 250 (1970). In fact, the record reveals that this description aptly fits the site where the health and safety complex was, at the time of the July, 1978 notice, intended to be located. The present location, on the same seventeen acre tract but 500 feet away, is sufficiently removed to make "adjacent" of doubtful value as an informative description. This doubt is reinforced by the reorientation of the complex from Woolam Road to Scantic Road. The town highway garage is on Woolam Road, in the sense that it has a Woolam Road address and a Woolam Road outlet for its driveway. The original siting of the proposed complex would have provided a Woolam Road outlet as well. The new location, however, is oriented totally toward Scantic Road, which will furnish its only access and presumably its mailing address. Indeed, the new site is as far removed from Woolam Road as any location on the parcel could be. In the light of all of these circumstances, we conclude that the plaintiffs, neighboring property owners on Scantic Road, were not legally warned of the proposed new location of the health and safety complex by the notice published in July, 1978.

Once it is determined that the notice published with regard to the July 12, 1978 meeting is inadequate, then the plaintiffs have established their claim to injunctive relief.[3] The defendants have not

---

[3] Since our decision on the issue of notice entitles the plaintiffs to their claim for relief, we need not address the second issue raised by the plaintiffs concerning the form of submission of the project pursuant to General Statutes § 8-24.

argued that any of the subsequent town proceedings would serve to cure a defect in the 1978 notice. Of course, nothing said herein precludes the holding of a new town meeting, with proper notice, to seek approval by the voters of the presently planned location for the health and safety complex.

There is error, the judgment is set aside and the case is remanded with the direction that judgment be rendered for the plaintiffs in accordance with this opinion.