[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, James Cartis, of 60 Portland Avenue, Redding, Connecticut, and Basil E. Keiser, of Dorethy Road, Redding, Connecticut, appeal pursuant to General Statutes, Secs. 8-8 and22a-19 from a decision of the defendant, Redding Zoning Commission (hereinafter "Commission"), which granted a request to modify a special use permit which removed an age restriction from a residential complex that had previously been approved exclusively for the use and occupancy of persons sixty (60) years of age or older.
On or about September 27, 1989, the Commission approved an application submitted by Barbara Herman on behalf of the defendant, Portland Associates Limited Partnership ("Portland"). (Parties' Stipulation; Portland Brief, p. 2; see Plaintiffs' Revised Complaint dated November 1, 1993, para. 3.) The approved application provided for a modified site plan and special permit to construct a 24-unit three building residential complex located at 54-56 Portland Avenue, Redding, Connecticut. (Parties' Stipulation; Portland Brief, p. 2; see Plaintiffs' Revised Complaint dated November 1, 1993, para. 3.) The residential complex was approved exclusively for the use and occupancy of persons sixty (60) years of age or older in accordance with the provisions of section 5.13.3 of the Zoning Regulations of the Town of Redding. (Parties' Stipulation; Portland Brief, p. 2; see Plaintiffs' Revised Complaint dated November 1, 1993, para. 4.)
On or about June 7, 1990, Portland submitted an application to the Redding Zoning Board of Appeals to vary section 5.13.3 of the Zoning Regulations of the Town of Redding which restricts occupancy of special multiple-unit residential complexes to two individuals, both of whom must be at least 60 years of age. (Return of Record (ROR), Item 18, copy of Application for Variance dated June 7, 1990.) On July 17, 1990, CT Page 7482 the Redding Zoning Board of Appeals denied the variance request. (ROR, Item 3, Zoning Commission Minutes of Meeting of March 10, 1993.)
On March 10, 1993, Barbara Herman, on behalf of Portland and through Attorney Peter Romanow, requested the Commission to lift the condition of the special permit approval requiring that residents must be at least sixty (60) years of age. (ROR, Item 3, Zoning Commission Minutes of Meeting of March 10, 1993.) The Commission was informed at the March 10 meeting that the owner renamed the development to "Georgetown Place." (ROR, Item 3, Zoning Commission Minutes of Meeting of March 10, 1993.) The Commission voted to open a hearing on April 14, 1993 regarding the request. (ROR, Item 3, Zoning Commission Minutes of Meeting of March 10, 1993.) The applicant, Barbara Herman, submitted a special use application form on March 31, 1993. (ROR, Item 4, Special Use Application Form dated March 31, 1993.)
According to the Commission, the Portland property is within the RV Zone, where special multi-unit residential complexes are permitted by special permit. (Commission's Brief, p. 2.) The total area within the RV Zone is 191.055 square feet, or 4.38 acres. (ROR, Item 12, calculation of total design area by Richard Bennett Associates dated March 31, 1993.) The total square footage required for 23 units is calculated as 23 x 8,000 = 184,000 square feet. (ROR, Item 12.) However, the consulting engineers found that, with consideration given to section 5.13.1 of the zoning regulations of the Town of Redding which requires that at least 75 percent of the designated site shall be comprised of land which is not steep slope, the total designated site area equalled 184,215 square feet, which exceeded the required designated area of 184,000 square feet for 23 units. (ROR Item 12.) The Commission states that since Portland received a special permit for a 24 unit condominium in 1990, which was one more than the 23 units allowed by the 8,000 square foot density rule, Portland sought the benefit of the age 60 limitation, due, in part, to a perceived niche for senior housing. (Commission's Brief, pp. 3-4.) However, the Commission argues that Portland misperceived this apparent "niche," and decided to build only 23, as opposed to 24 units. (Commission's Brief, p. 4.) This reduction in units allowed Portland to comply with the 8,000 square foot density rule set forth in section 5.13.3, and, at the same time, obviated the need for the age limitation. (Commission's Brief, p. 4.) Based on [his reduction, Portland applied to the Commission to approve the 23 unit plan and to remove the age limitation, which the Commission thereafter granted at the April 14, 1993 meeting. (Commission's Brief, p. 4.)
In response to the Commission's action, the plaintiffs filed this CT Page 7483 appeal.
The plaintiffs filed this action on May 17, 1993, and alleged in paragraph nineteen (19) of their revised complaint, dated November 1, 1993, that the Commission acted illegally, arbitrarily, capriciously and in abuse of its discretion by:
 a) allowing to appear a notice of decision which was legally deficient for failure to name or otherwise identify the applicant and for failure to state the address of the project and for failure to otherwise adequately apprise the public of the nature of the Commission's decision;
 b) publishing a deficient notice of public hearing which failed to name or otherwise identify the application and for failure to state the name and address of the project and for failure to otherwise adequately apprise the public of the nature of the Commission's decision;
 c) failing "to require the applicant to comply with the substantive requirements of Section 5.13 of the Regulations";
 d) failing "to require the applicant to comply with other applicable requirements of the Regulations";
 e) failing to "adequately protect neighboring and downstream property owners from unnecessary adverse consequences of the decision, including protection of wetlands, watercourses and water resources";
 f) attempting to "deliberately mislead the public as to the nature of the request so that the public, including neighboring and downstream property owners, would be unaware of it and therefore involuntarily waive their rights to protest";
 g) improper "politically motivated" conduct by both the Commission and its zoning enforcement officer;
 h) acting "in reckless disregard for the health, welfare and safety of neighboring property owners as well as for prospective occupants";
 i) failing to consider changed circumstances which have developed since the original approval, namely, "the Commission's conceptual approval of a 300-unit residential-commercial CT Page 7484 development across the street which will direct substantial increased traffic to Portland Avenue as will the subject project, and unduly burden Portland Avenue, a narrow, curving, substandard road and
 j) otherwise acting "illegally, arbitrarily and capriciously." (Plaintiffs' Revised Complaint, November 1, 1993, para. 19.)
Attached to the plaintiffs' revised complaint is the verified notice of intervention of Basil Keiser, pursuant to General Statutes, Sec.22a-19, the environmental intervenor statute. Keiser alleges, in part, that the application of Portland "involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state. A feasible and prudent alternative consistent with the reasonable requirements of the public health, safety and welfare exists, to wit: denial of the application in favor of a more restricted and less intense use of the site and relocation of septic facilities." (Verified Notice of Intervention of Basil Keiser dated May 7, 1993, paras. 3 and 4.)
The Commission filed an answer to the plaintiffs' revised complaint on November 15, 1993, and filed the return of record on August 9, 1993. Portland filed an answer on February 7, 1994.
The plaintiffs' brief was filed with the court on November 5, 1993. The Commission filed its brief on November 26, 1993. Portland filed its brief on December 3, 1993.
A. Aggrievement
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 307, 592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing." DiBonaventurav. Zoning Board of Appeals, 24 Conn. App. 369, 373,573 A.2d 1222 (1991). Unless the plaintiff alleges and proves aggrievement, his or her appeal must be dismissed. Id. "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning ZoningBoard, 203 Conn. 317, 321, 524 A.2d 1128 (1987). CT Page 7485
An examination of the "Print Plans of Proposed Development" in the record reveals that plaintiff Cartis' land abuts the land which is the subject matter of the instant appeal. (ROR, Item 22, Print Plans of Proposed Development.) Therefore, the court finds that plaintiff, James Cartis, is statutorily aggrieved and is entitled to bring this appeal.
Plaintiff, Basil E. Keiser, has intervened in this appeal by filing, pursuant to General Statutes, Sec. 22a-19, a verified notice of intervention dated May 7, 1993.
 General Statutes, Sec. 22a-19 provides: `(a) In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the attorney general, any, political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.' (Emphasis added.) Pursuant to this statute, a party may intervene in an administrative hearing or judicial review thereof upon filing a verified pleading. The pleading must assert that a proposed activity `involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.' Burton v. Dillman, 27 Conn. App. 479, 480, 607 A.2d 447, cert. denied, 223 Conn. 904, 610 A.2d 178 (1992); Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710, 715, 563 A.2d 1339
(1989). Intervention in an administrative proceeding or judicial review of that proceeding is for the limited purpose of raising environmental issues. Red Hill Coalition, Inc. v. Conservation Commission, supra; Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 490, 400 A.2d 726 (1978); Burton v. Dillman, supra, 482 Glendenning: v. Conservation Commission, 12 Conn. App. 47, 53-54, 529 A.2d 727, cert. dismissed, 205 Conn. 802, 531 A.2d 936 (1987).
Polymer Resources, Ltd. v. Keeney, 32 Conn. App. 340, 347-48,629 A.2d 447 (1993). "A plaintiff who has limited standing under section22a-19 need not be otherwise `aggrieved.'" Fromer v. Tree Warden,4 Conn. L. Rptr. 144, 146 (May 30, 1991, Hurley, J.), citing MysticMarinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 498-99,400 A.2d 726 (1978). Plaintiff Keiser's verified notice of intervention comports with CT Page 7486 the pleading requirements as set forth in Polymer Resources, Ltd. v.Keeney, supra, and the court finds that he has standing for the limited purpose of raising environmental issues.
B. Timeliness
A party taking an appeal must do so by commencing service of process within fifteen days from the date that notice of the decision was published. General Statutes, Sec. 8-8(b). In the instant case, notice of the Commission's decision was published in the Redding Pilot on April 22, 1993. (Supplemental Return of Record dated August 30, 1993, Certificate of Publication dated April 23, 1993.) On May 7, 1993, plaintiffs served process upon: Wade Roese, who accepted service as Zoning Enforcement Officer; Patricia Creigh, who accepted service as Town Clerk of Redding; Frank Taylor, who accepted service as Chairman, Redding Zoning Commission; Richard Williams, statutory agent for service for Portland Associates Limited Partnership; and Barbara Herman, as partner of Portland Associates Limited Partnership (see Sheriff's Return). Therefore, the plaintiffs' appeal is timely.
C. Scope of Judicial Review
"In reviewing an appeal from an administrative agency, the trial court must determine whether `the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion.'" (Citations omitted.) Smith v. Zoning Board of Appeals, 227 Conn. 71, 80,629 A.2d 1089 (1993). The burden of proof is on the plaintiff to demonstrate that the Commission acted improperly. Spero v. Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991).
D. Review of Plaintiffs' Arguments
In their brief, plaintiffs advance the following arguments:
 (1) the Commission's published notice of public hearing was legally defective;
 (2) the Commission's published notice of its decision was legally defective;
 (3) the Commission and its enforcement officer acted in rampant abuse of their power;
 (4) the Commission otherwise erred in lifting the age restriction; and CT Page 7487
 (5) the Commission's approval should be vacated as a result of the applicant's deceptive and fraudulent conduct.
E. Substantive Analysis
1. Notice of Public Hearing
The Commission's published notice of the public hearing states:
 The Redding Zoning Commission will hold a Public Hearing, on Wednesday, April 14, 1993, at 8:00 p. m. in the Town Hall Hearing Room for the following:
 Discussion regarding a minor modification to a site plan/special permit for Georgetown Place (formerly Portland Commons) to remove sixty year age requirement.
 Anyone wishing to speak to this matter may do so at the hearing and written correspondence will be accepted.
 Plans are on file in the Office of the Town Clerk and the Zoning Office. Please refer all questions to the Zoning Enforcement Officer, Wade Roese.
(ROR, Item 5, Copy of Legal Notice of Public Hearing for April 14, 1993.)
The plaintiffs argue that the notice is legally defective because it (1) fails to identify the name of the applicant; (2) fails to identify the location of the property; and (3) is misleading. Plaintiffs further argue that by characterizing the application as a request for a "minor modification," the Commission improperly placed a subjective determination in the notice designed to dissuade public participation. Plaintiffs further argue that the designation of a "minor modification" is a total mischaracterization, for plaintiffs postulate that lifting the age restriction is a major modification to the complex.
The Commission counters that the notice complied with statutory standards. Additionally, the Commission argues that the Zoning Regulations require the Commission to determine whether a change in an approved development is a"minor" change so that no public hearing would be required. The Commission argues that since the reduction of one unit was not an intensification or a change in the use of a multi-family residential complex, no public hearing was needed. CT Page 7488 Finally, the Commission argues that there was no lifting of the age requirement, but only a decision to modify a site plan which, consequently, cancelled the age restriction.
"General Statutes 8-3c(b) establishes the notice, hearing, and filing requirements for a special permit. This section provides that `[t]he zoning commission . . . of any municipality shall hold a public hearing on an application or request for a special permit. . . . Notice of the time and place of such a hearing shall be published in a newspaper having a substantial circulation in such municipality. . . .'" Moranv. Town Plan Zoning Commission, Superior Court, Judicial District of Fairfield at Bridgeport, No. 294444 (January 28, 1993, Thim, J.). Similarly, the Zoning Regulations of the Town of Redding state, in part that "the" Commission will schedule a public hearing, publish hearing notices, and file a copy of the notice and application with the Town Clerk as directed by the General Statutes." (Zoning Regulations of the Town of Redding, Sec. 5.1.2, p. 14.)
"`The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought.'" Schwartz v. Hamden, 168 Conn. 8, 14,357 A.2d 488 (1975). In addition, notice must "fairly and sufficiently . . . apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." Passero v. Zoning Commission,155 Conn. 511, 514, 235 A.2d 660 (1967).
"`Although the notice may not be misleading, it need not be exact . . . and a public filing of the plan is relevant to the determination of the adequacy of the notice.'" Moran v. Town Plan Zoning Commission, supra, quoting R.B. Kent Sons, Inc. v. Planning Commission,21 Conn. App. 370, 378, 573 A.2d 760 (1990). Further, "[t]here is no requirement that the published notice describe the proposed action in detail or with exactitude." Welles v. East Windsor, 185 Conn. 556, 559, A.2d (1981).
The court finds that the published notice of public hearing states both the time and place of such hearing so as to comport with General Statutes, Sec. 8-3c(b). In addition, the notice also states that "[p]lans are on file in the Office of the Town Clerk and the Zoning Office," presumably making the plans available for viewing. (ROR, Item 5, Copy of Legal Notice of Public Hearing for April 14, 1993.) Finally, plaintiff Cartis was not only notified of the hearing by a "Notification to Adjacent Property Owners" letter (ROR, Item 6), but submitted a letter dated April 1, 1993, wherein plaintiff Cartis stated, "I understand there is to be CT Page 7489 a hearing shortly on lifting the restriction of senior occupancy only of the condominium at 56 Portland Avenue, Portland Commons." (ROR, Item 10, Letter from James Cartis dated April 1, 1993.)
The court finds that the published notice fulfilled the purpose of the statutory public prehearing notice in that it fairly and sufficiently apprised both plaintiff Cartis and the public of the hearing so as to permit intelligent preparation for participation at the hearing.
Pursuant to section 5.1.6 of the Zoning Regulations of the Town of Redding, the Commission is vested with the discretion to determine whether a public hearing should be held at all. Section 5.1.6 states, in part:
 Where the Commission determines that a requested amendment to a Special Permit will be sufficiently minor that there will be no intensification or change in the nature of the use presently authorized, it may waive the requisite public hearing and grant any amendment not otherwise in conflict with these Regulations.
The decision, therefore, on whether to have a public hearing turns on the Commission's determination that the amendment to the special permit is sufficiently minor. With this in mind, the Commission relies on section 5.13.3 of the Zoning Regulations of the Town of Redding in support of its position that the amendment to the special permit was sufficiently minor.
Section 5.13.3 states:
 There shall be not more than one residential dwelling unit for each 8,000 square feet of site area, except as follows. Where residential units are specially designed for senior residents only, and the owner covenants with the Town to limit occupancy of each residential unit to not more than two (2) persons, each of whom is 60 years of age or older, the Commission may allow such residential units at a density of one unit for each 5,000 square feet of site area, provided all other standards of Section 5.13 are met.
The terms special permit and special exception have the same legal import and are used interchangeably. A.P. W. Holding Corporation v.Planning Zoning Board, 167 Conn. 182, 185, 355 A.2d 91 (1974). When ruling upon a special permit, a zoning authority acts in an administrative capacity, and its function is simply to determine whether the proposed use is expressly permitted and whether the standards set forth in the regulations and General Statutes, Sec. 8-2 are satisfied. CT Page 7490Double I Limited Partnership v. Plan Zoning Commission, 218 Conn. 65,72, 588 A.2d 624 (1991). Where the regulations and statutes are satisfied, the zoning authority has no discretion to deny a special permit. Daughters of St. Paul, Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 56, 549 A.2d 1076 (1988).
By reducing the planned number of units from 24 to 23, Portland complied with the zoning regulations by comporting with the 184,000 square foot allotment for the project. Where a proposed special permit and site plan, which was a modification of a previously approved special exception and site plan, complies in all respects with all zoning and statutory requirements, a commission has no choice but to grant the request for approval. See Hyland Development v. Planning Commission ofEast Haven, Superior Court, Judicial District of New Haven, No. 294510 (November 23, 1960, Hadden, J.). Because the reduction satisfied the regulations, the Commission had no discretion to deny the amendment to the special permit.
2. Notice of Decision
 Notice of the decision of the commission shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to the person who requested or applied for a special permit or special exception, by its secretary or clerk, under his signature in any written, printed, typewritten or stamped form, within fifteen days after such decision has been rendered.
General Statutes, Sec. 8-3c(b)
 In reviewing the adequacy of the notice of decision . . . we are mindful of the purpose such notice is meant to serve. `The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless.' Hubbard v. Planning Commission, 151 Conn. 269, 271-72, 196 A.2d 760 (1963). The notice of decision here, together with the hearing notice incorporated therein, fulfilled these objectives. There can be no doubt that the notice of decision published on December 16, 1982, gave the plaintiff the opportunity of knowing that there was a decision to appeal from. The notice of decision explicitly stated that a decision relating to specifically identified property . . . had been rendered granting the . . . petition conditionally. CT Page 7491 The adequacy of the notice with regard to the opportunity granted the plaintiff `of forming an opinion as to whether that decision presents an appealable issue' must be determined from the notice construed as a whole, including its references to the prior notice of hearing. . . . It is not essential that a notice of decision expressly state every consideration that might be relevant to any party who might want to appeal the board's decision. It is only necessary to provide notice adequate to ensure a reasonable opportunity within the appealable time constraints to obtain the information required to form an opinion whether or not to appeal.
Carnese v. Planning Zoning Commission, Superior Court, Judicial District of Fairfield at Bridgeport, No. 299969 (July 7, 1993, Levin, J.), quoting Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 281-82, 487 A.2d 559 (1985).
In Clutz v. Farmington Planning and Zoning Commission,7 Conn. L. Rptr. 338, 341 (September 9, 1992, Scheinblum, J.), the court stated that the objectives of General Statutes, Sec. 8-3c are met so long as the notice notifies an interested party of: (1) the decision, (2) the Commission that made the decision, (3) the substance of the decision, and (4) the effective date of the amendment.
In the present case, the Commission's published notice of decision states:
 At the regularly scheduled meeting of April 14, 1993, the Redding Zoning Commission reached the following decision:
 1. Granted the request for modification to the Special Use Permit to remove the age restriction of sixty and to comply with existing regulations as presented in the site plan for Georgetown Place.
(Supplemental ROR, Notice of Published Decision.)
The plaintiffs argue that the notice fails to identify the owner/applicant or the location of the project by street. Therefore, plaintiffs argue that the notice "fails to adequately apprise the public as to the nature, character, identity and location of what had been approved so that it could intelligently determine whether or not to exercise rights of appeal." (Plaintiffs' Brief, p. 7.)
As with the notice of public hearing, the Commission argues that the requirements of legal notice did not apply to this proceeding, for CT Page 7492 Portland was merely informing the Commission of a minor modification and was not proceeding for a special permit pursuant to section 8-3c, as Portland previously had received a special permit in 1990. The Commission postulates that should the court find this argument unavailing, the Commission nevertheless complied with the statutory standards of proper notice.
At the outset, it is claimed that since Portland was informing the Commission of a minor modification, the requirements of legal notice did not apply to that proceeding. In any event, the court finds that, based upon the standard as set forth in Clutz v. Farmington Planning andZoning Commission, supra, the notice of published decision is adequate.
The court finds that the notice explicitly states that a decision was reached by the Commission, and that the substance of the request was the granting of a request to modify the special use permit. The court further finds that no effective date had to be mentioned because, unlikeClutz, the appeal in the present case does not involve the amending of the zoning regulations. Therefore, the court finds that the notice of decision in this case was adequate to ensure that the plaintiffs had a "reasonable opportunity within the appealable time constraints to obtain the information required to form an opinion whether or not to appeal." Carnese v. Planning Zoning Commission, supra.
3. Plaintiffs' Third Claim
Plaintiffs argue that the public was not provided notice that on March 10, 1993, the Commission would entertain applicant Barbara Herman's verbal request "to lift the age restriction on the condominium complex and thereby significantly alter the nature of the development." (Plaintiffs' Brief, p. 9.) Plaintiffs further argue that since "a zoning commission should not reverse itself unless it committed an error or circumstances in some way had materially changed from the original decision"; (Plaintiffs' Brief, p. 9); and since no error or material change occurred, "[t]he Commission's reversal and lifting of the age restriction were simply exercises in rampant abuse of power." (Plaintiffs' Brief, p. 10.)
Plaintiffs cite no authority in support of their position that the Commission was required to provide notice that Barbara Herman would speak. In fact, plaintiffs' attorney attended the March 10 meeting wherein she requested that a public hearing should accompany the request. (ROR, Item 3, Commission Minutes of Meeting of March 10, 1993.) The Commission basically acceded to the request of the plaintiffs' attorney by holding a public hearing on April 14, 1993, a hearing which was CT Page 7493 adequately noticed.
With regard to plaintiffs' claim that "[t]he Commission's reversal and lifting of the age restriction were simply exercises in rampant abuse of power," as noted above, a zoning authority acts in an administrative capacity when ruling on a special permit, and its function is simply to determine whether the proposed use is expressly permitted and whether the standards set forth in the regulations are satisfied.Double I Limited Partnership v. Plan Zoning Commission, supra, 72, and when satisfied, the Commission then has no discretion to deny a special permit. Daughters of Paul, Inc. v. Zoning Board of Appeals, supra, 56. See Hyland Development v. Planning Commission of East Haven, supra. Therefore, once Portland reduced the "number of units by one, which not only reduced the correlative square footage allowed for the project but brought the project in harmony with the zoning regulations, the Commission was required to grant the modification to the special permit. Accordingly, the Commission's granting of the applicant's modification to the previously approved special permit was not a "rampant abuse of power."
4. Other Error
Plaintiffs argue that the Commission had no proper basis to lift the age restriction because "[t]he difference in impact upon the neighborhood from the two types of developments is jarring." (Plaintiffs' Brief, p. 12.) Plaintiffs cite their concerns regarding the water supply, traffic, and problems associated with "a site intensive complex for the young" as support for their position. (Plaintiffs' Brief, p. 12.)
"An administrative appeal `shall be confined to the record.'" Blakerv. Planning Zoning Commission, 219 Conn. 139, 146, 592 A.2d 155 (1991). Plaintiffs have cited no evidence in the record to substantiate their claim that the Commission erred by not considering water or traffic concerns. Moreover, the only evidence contained in the record regarding plaintiffs' concerns is (1) a letter from Richard Bennett Associates to Robert H. Hall dated March 1, 1993, which states that "the design flows used in our original report would be acceptable if the proposed occupants were of any age" (ROR, Item 13, Letter from Richard Bennett 
Associates to Robert H. Hall dated March 1, 1993); (2) a letter from Ray Bradshaw, the Redding Health Officer, to Frank Taylor, the Chairman of the Commission, which simply corroborates the findings as contained in the Richard Bennett Associates letter (ROR, Item 14, Memo to Zoning Commission from Redding Health Officer dated March 31, 1993); and (3) a traffic generation report from 1988, which neither confirms nor denies CT Page 7494 plaintiffs' traffic fears. (See ROR, Item 17, Copy of letter to Barbara Herman from Wade W. Roese dated April 15, 1988.)
Accordingly, the court finds that the factual predicate for plaintiffs' concerns are not contained in the record, and that the Commission was required to grant the modification to the special permit.
5. Deceptive and Fraudulent Conduct
Plaintiffs assert that Portland "induced the Commission to issue a permit for elderly housing through fraud and deception." (Plaintiffs' Brief, p. 13.) In support of their claim, plaintiffs cite Barbara Herman's alleged misrepresentations to the Commission in the earlier site plan and special permit proceedings in 1989 regarding: (1) Herman's "lack of concessions for the elderly" in the original plans; (2) Herman's alleged misrepresentations regarding septic size; and (3) Herman's alleged failure to cause an age-restriction covenant to be executed or filed as required by the Zoning Regulations of the Town of Redding.
The court finds that this claim is an untimely attack on the original approval granted on September 27, 1989. Plaintiffs' prayer for relief states, in part, that the court "[n]ullify the permit previously issued for failure to provide an executed covenant as required by Section 5.13.3 of the regulations." (Plaintiffs' revised complaint dated November 1, 1993.) "`A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" (Citations omitted.) Cardoza v.Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545 (1989). "If the appeal period has expired when an appeal is filed the trial court lacks jurisdiction over the appeal." Id. Where a plaintiff does not take a timely appeal from a Commission's decision, issues regarding a Commission's actions do not have to be resolved. See Brenton v. OxfordPlanning and Zoning Commission, 3 Conn. L. Rptr. 41 (December 7, 1990, Fuller, J.). Because the plaintiffs did not appeal, pursuant to General Statutes, Sec. 8-8(a), the Commission's September 27, 1989 approval of the original application submitted by Barbara Herman on behalf of Portland, the court lacks subject matter jurisdiction to consider plaintiffs' claim of deceptive and fraudulent conduct allegedly committed by the applicant with respect to the original application.
For all of the foregoing reasons, the plaintiffs' appeal is dismissed. CT Page 7495
Riefberg, J.