[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the action of the Planning and Zoning Commission of the Town of Montville, in granting approval of defendant Soneco Service, Inc's. application for a special permit and site plan approval application to allow excavation of earth material and construction of a facility for processing earth materials for public sale on its property CT Page 5815 on Caroline Road in the Town of Montville.
For reasons hereinafter stated, the action granting the application appealed from is reversed.
This appeal is taken under the provisions of General Statutes § 8-8a(b) which limits such appeals to persons aggrieved by the decision appealed from. Section 8-8 (a) provides that an "aggrieved person includes any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The term "board" includes a planning and zoning commission. See Section 8-8(a)(2).
Here, all parties have stipulated and agreed that plaintiff Tilcon Minerals, Inc. owns land which abuts the land involved in the decision appealed from. It is, therefore, found that plaintiff is statutorily aggrieved and has standing to prosecute this appeal. Pierce v. Zoning Board of Appeals,7 Conn. App. 632, 636 (1986); Nick v. Planning and ZoningCommission, 6 Conn. App. 110, 111-12 (1986).
The appeal presents a number of questions of fact and law. The issue which must be resolved first is the sufficiency of the legal notices published in connection with the public hearing held by defendant Commission. This issue is determinative.
As required by General Statutes § 8-3c(b) a public hearing was scheduled on defendant Soneco's application for February 22, 1994. The statute and the zoning regulations of the Town of Montville require that publication of notice of a public hearing be made in a newspaper having a substantial circulation in the municipality. Notices were published within times established by the statute and the regulations. The sufficiency of the published notice is, however, at issue.
The zoning regulations require that the notice give adequate information about the nature of the proposal.
Where required by statute, adequate prehearing notice is a jurisdictional prerequisite to a public hearing. "The statutory public prehearing notice is fairly and sufficiently to apprise the public of the proposed action so as to enable intelligent preparation for participation in the hearing." CT Page 5816R.B. Kent Sons, Inc. v. Planning and Zoning Commission,21 Conn. App. 370, 378 (1990).
"Compliance with prescribed notice requirements is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a jurisdictional defect. Adequate prehearing notice is necessary to inform affected and properly interested parties of their opportunity to be heard and to be appraised of the relief sought. Constructive, rather than actual, notice is required so that as much of the populace as possible is constructively notified of the proposed action. [N]otice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing." Kropeke v. Zoning Board ofAppeals, 25 Conn. App. 611, 616-17 (1991) (citations omitted).
Not all flaws in a notice are fatal. The notice need not describe the proposed action with exactitude. A defect, however, may not be misleading. Cocivi v. Planning and ZoningCommission, 20 Conn. App. 705, 708 (1990).
Whether the content of the published notice is adequate presents a question of fact to be resolved by the court. Fuller, Land Use Law and Procedure (1993).
The burden of proving that the notice was defective rests on the party asserting its insufficiency. Peters v.Environmental Protection Board, 25 Conn. 164, 170 (1991).
As published, the legal notice, in pertinent part, reads as follows:
LEGAL NOTICE
 The Montville Planning and Zoning Commission will hold a public hearing on February 22, 1994, at 8:00 p.m. at the Fair Oaks School on the following petition(s):
 Soneco Services: Application for a special permit for earth product removal and site plan approval CT Page 5817 for earth product processing facility on property located on Caroline Road, Montville, Ct. Shown on Assessor's Map 69, Lot 7.
It is undisputed that the property for which the special permit was sought was shown on the Assessor's Map 59, Lot 7, and not Assessor's Map 69, Lot 7. A review of the documents admitted as a part of a return of record indicates that the notice prepared by the Planning an Zoning Commission was accurate, and that the error was made by the newspaper. Plaintiff claims that this error was fatal and that the general public was mislead by the mistake.
Plaintiff also claims that other defects in the notice add to the misleading aspect of the notice. It is pointed out by plaintiff that the notice contains no specific street address or reference to an intersection or distinguishing landmarks and that "Soneco Services, Inc." was incorrectly referred to as "Soneco Service."
Even though plaintiff appeared and participated in the public hearing, it may still raise the jurisdictional issue of the sufficiency of the notice. Slagle v. Zoning Board ofAppeals, 144 Conn. 690, 693 (1957); Fuller, supra § 46.1.
In its argument that the public notice was defective, plaintiff relies to a large extent on Peters v. EnvironmentalProtection Board, supra, (1991).
The plaintiff in Peters argued that the published public notice did not satisfy the statutory requirements because it failed to adequately describe the subject property. The published notice in Peters stated that the board would hold a public hearing concerning ". . . application #8843. Transcom Builders, Inc., for activity on Stillwater Road."
The Appellate Court held that the published notice was clearly inadequate. The court found that reference to the subject property by street name only in a legal notice does not suffice to apprise as much as the populace as possible of the proposed action. This was particularly true, the court found, where the applicant was not the owner of the property.
Defendants argue that the Peters case is distinguishable from the present case. They point out that Stillwater Road CT Page 5818 referred to in the Peters notice was 2 1/2 miles long, and considering the paucity of other information in the notice a member of the general public would be hard pressed to locate the property, particularly when the applicant was not the owner. In the present case, defendants point out Caroline Road on which the subject property is located is only 1,650 feet in length, and that the applicant mentioned in the published notice was the owner.[1]
There is no doubt but that a person familiar with the area could locate the Soneco property on Caroline Road. Also a member of the general public going to the area of Caroline Road could find the Soneco property. An interested party could also research the records on file and properly locate the property which was the subject of the application.
In Peters, however, the Appellate Court rejected the research argument and stated that the statute does not require "the general public to employ the skills of a research librarian to determine where the subject property is located." The clear message of Peters is that the notice itself must be sufficient to inform the public as to where the subject property is located.
The notice itself must be adequate so as to allow the members of the public to read it and determine whether his or her interest might be affected by the proposed action. The notice here does not adequately perform that function.
In the present case, the notice raises a problem which did not exist in Peters. In that case, the public notice failed to include sufficient information to inform the public at the location of the subject property. In the case at bar, the published notice was misleading and pointed the general public to a location some distance from the subject property.
The map entitled "Property Map Index Town of Montville" is a graphic projection of the town showing the location of the various assessor's maps. Although Peters would not appear to require it if a person did examine this map, they would see that the area depicted as Assessor's Map 69 is located in the southeasterly area of the town. Although Caroline Road is not shown on the index map as being on Assessor's Map 69, an unmarked street, or proposed road does appear. Also, the index map is dated 1969 and it is possible that an interested CT Page 5819 person could conclude that the map does not show all streets existing in 1994.
Assessor's Map 59, on which the subject property was located, appears close to the northwest corner of the town a considerable distance from the property shown on Assessor's Map 69. Although Caroline Road is depicted as being located within Assessor's Map 59, the published notice does not direct the public to this map and it would only be by chance that an interested person would notice the location of the road.
The fact that defendant Soneco Service, Inc. was the owner of the property shown on Assessor's Map 59 is of no great significance here since a member of the public, even a neighbor of the property who might be expected to have an interest in the application, would be entitled to rely on the published notice and conclude Soneco was attempting to conduct the subject activity in another section of town as shown on Map 69.
The published notice here is misleading. It does not adequately inform the general public as to the location of the property which was to be the subject of the public hearing. Members of the public, whose property might be affected by the granting of the proposed special permit, could read the notice and fairly conclude that their interests were not in jeopardy and thereby forfeit their opportunity to be heard at the public hearing. Wells v. East Windsor, 185 Conn. 556, 560
(1981); Cocivi v. Planning and Zoning Commission, supra.
Compliance with prescribed notice requirement is a prerequisite to a valid action by a planning and zoning commission, and failure to give proper notice constitutes a jurisdictional defect. Wright v. Zoning Board of Appeals,174 Conn. 488, 491 (1978); Smith v. F.W. Woolworth Co., 142 Conn. 88,94 (1955). Because of the jurisdictional defect, the action appealed from was a nullity and must be reversed. General Statutes § 8-8 (e).
Defendant Soneco Service, Inc. has, however, advanced a theory that if the published notice is deemed to be fatally defective, the application must be considered approved by operation of law. In this, Soneco relies to a large extent onKoskoff v. Planning and Zoning Commission, 27 Conn. App. 443
(1992). CT Page 5820
Soneco argues that if the notice was defective then the public hearing was a nullity. Soneco further argues that since defendant Commission failed to hold a valid public hearing within sixty-five days of receipt of the application as required by General Statutes § 8-7d(a) the application for special permit should be deemed approved by operation of law.
Soneco's argument would present a situation where the meeting was invalid because constructive notice was not properly given to those who might be affected by the action resulting from the meeting. Since no legal meeting was held, and the action taken was a nullity, the permit would, however, have to be granted anyway since the application was not acted upon within the time prescribed by statute. This would validate the nullified action and thwart the legislative purpose behind the statutory notice requirement.
It is noted that the majority in Koskoff v. Planning andZoning Commission, supra, 454, a mandamus action involving a subdivision application, took the position advocated by Soneco and remarked that "our zoning statutes appear to work against those whom they are intended to protect." There is, however, also a rule of statutory construction that "(c)ourts will assume that the legislature intended to accomplish a reasonable and rational result." Zapata v. Burns, 207 Conn. 496,507-508 (1988).
In Koepke v. Zoning Board of Appeals, 223 Conn. 171, 177
(1992), a similar case involving action taken by a zoning agency after improper notice, the court considered three possibilities of resolving the problem. The first possibility was that advances by Soneco here and was stated as follows: "(1) because the board's action was a nullity, the board in effect failed to act and such failure amounts to an automatic approved of defendant's application. . . ." The court rejected this as a possible solution to the problem. Although the court did not elaborate on its reason for rejecting this course of action, it must be assumed that the court rejected the legal basis for the solution.
Although the trial court may have certain latitude in addressing issues presented in an appeal under the provisions of General Statutes § 8-8, the appropriate procedure for addressing this claim advanced by Soneco is an application for CT Page 5821 a writ of mandamus. Vartuli v. Sotire, 192 Conn. 353 (1984);Koskoff v. Planning and Zoning Commission, supra.
Accordingly, judgment is entered for plaintiff and the action of defendant Commission in granting the special permit is reversed.
Purtill, J.