[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action the plaintiffs, John M. Leahy and Ronald A. Medhurst, seek an injunction to prevent the Town of Columbia from issuing bonds to finance the construction of a new firehouse. The basis for this request is that the town's execution of the bonding resolution authorizing such issuance violates the terms of resolution. On November 13, 2000, the court held an evidentiary hearing on this petition and finds the following facts.
On February 27, 1953, and June 10, 1958, Clinton Lewis donated two parcels of land, comprising around twenty acres, to the Columbia Volunteer Fire Department (C.V.F.D.). This property is known as Fireman's Field. On November 22, 1999, the town gave notice of a town meeting to be held on November 29, 1999, and a referendum vote to be held on December 8, 1999, to consider a bonding resolution to appropriate $2,300,000 for the planning, acquisition, and construction of a new firehouse and the CT Page 14212 authorization to issue bonds in that amount to finance that appropriation. On December 8, 1999, the citizens of Columbia voted to approve the bonding resolution.
The plaintiffs do not attack the adequacy of the notice or the legitimacy of the referendum vote. Rather, they assert that the bonding resolution required the town to receive from the C.V.F.D. a conveyance of Fireman's Field free and clear of encumbrances or restrictions. Their dispute with the town arises because, on May 25, 2000, the C.V.F.D. conveyed the land in question to the town with certain restrictions. First, the quitclaim deeds require that a certain portion of Fireman's Field "remain solely as open space in perpetuity as a memorial to deceased members of the Columbia Volunteer Fire Department"; second, that the portion of the land upon which the new firehouse will stand is to be leased to the C.V.F.D. for fifty years for $1, renewable at the option of the C.V.F.D. for four additional fifty year terms at $1 per term. A lease agreement containing these terms was executed by the town concomitant with the conveyance of the quitclaim deeds. The plaintiffs argue that the open space requirement and the lease violate the mandate of the bonding resolution. They urge the court to enjoin issuance of bonds until these restrictions are removed.
The town claims that the bonding resolution sets forth a general plan, and it is entitled to settle the details of the project as it sees fit. The court agrees with the town.
The plaintiffs rely heaving on the case of Welles v. East Windsor,185 Conn. 556 (1981), to support their position. That reliance is misplaced. The Welles case, supra, involved the adequacy of a notice of a town meeting to discuss approval of the building of a new police station on parcel A. The resolution was approved, but, about one year later, the town decided to build the station on parcel B, located about 500 feet from parcel A. Our Supreme Court held that the notice of a plan to build on parcel A was inadequate to support a plan to build on parcel B and enjoined such construction, Id., 561 and 562. That Court noted, however, that had the language of the notice been less specific, the shift in locale would have been unassailable, Id., 559.
In the present case, the bonding resolution approves the expenditure, financed through municipal bonds, of $2,300,000 for the acquisition of Fireman's Field and the construction of the firehouse. The resolution lacks detailed methodology except that the building conform to architectural plans previously prepared. No allocation of percentages of the appropriation is made as to site acquisition versus construction costs. CT Page 14213
The town acquired Fireman's Field for "no consideration" except for the open space restriction and the lease agreement. The plaintiffs contend that the lease is overly generous and potentially ties up the town's land for 250 years and that the open space restriction devalues the land because it cannot be resold or used for other municipal purposes in the future. This argument, in essence, is a claim that the town overpaid for acquisition of the land. Under the bonding resolution the purchase price of Fireman's Field was left undetermined.
It is within the discretion of the town's officials to decide how much to spend for acquisition and how much to leave for construction. Nothing in the bonding resolution would have prevented the town from executing a separate contract with C.V.F.D. which would have included the identical transactions except that the quitclaim deeds could have omitted mention of the lease and open space agreements. The fact that the entire agreement is set forth in the quitclaim deeds is no violation of the language of the bonding resolution which merely states that Fireman's Field is "to be conveyed to the Town by quitclaim or other, deed,. . . ."
It is the cost of acquisition which offends the plaintiffs, but that cost is a decision left to the town officials under the resolution. As long as the $2,300,000 is not exceeded, the resolution is satisfied. Having found no contravention of the bonding resolution, the petition for injunctive relief is denied.
Sferrazza, J.