## NANCY BURTON *v.* JOHN M. DILLMAN, CONSERVATOR (ESTATE OF DOREEN DANKS) (10562)

FOTI, HEIMAN and FREEDMAN, Js.

Argued February 21—decision released May 5, 1992

*Nancy Burton,* pro se, the appellant (plaintiff).

*Melinda S. Monson,* with whom, on the brief, was *Richard A. O'Connor,* for the appellee (defendant).

FOTI, J. This is an appeal by the plaintiff, Nancy Burton, from the trial court's granting of the defendant's motion to dismiss her appeal from an order and decree of the Redding Probate Court. The defendant, John M. Dillman, is the conservator of the estate of Doreen Danks, who was adjudicated an incapable person in 1985. The Probate Court had granted the defendant permission to sell Danks' property known as Stormfield. The trial court granted the defendant's motion

to dismiss because the plaintiff was not a proper party before the Probate Court, and, therefore, lacked standing to appeal. We agree.

On May 30, 1990, the plaintiff presented the Probate Court with a verified notice of intervention seeking to intervene in the proceedings involving the defendant's application to sell Stormfield. She purported to file the notice pursuant to General Statutes §§ 22a-19 (a)[1] and 22a-19a[2] which she claimed made her a statutory party with automatic standing to commence the appeal to the Superior Court.

Section 22a-19 (a) allows intervention by a party upon filing a verified pleading asserting that a proposed activity "involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[1] General Statutes § 22a-19 (a) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the attorney general, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[2] General Statutes § 22a-19a provides: "The provisions of sections 22a-15 to 22a-19, inclusive, shall be applicable to the unreasonable destruction of historic structures and landmarks of the state, which shall be those properties (1) listed or under consideration for listing as individual units on the National Register of Historic Places (16 USC 470a, as amended) or (2) which are a part of a district listed or under consideration for listing on said national register and which have been determined by the state historic preservation board to contribute to the historic significance of such district. If the plaintiff in any such action cannot make a prima facie showing that the conduct of the defendant, acting alone or in combination with others, has or is likely unreasonably to destroy the public trust in such historic structures or landmarks, the court shall tax all costs for the action to the plaintiff."

Section 22a-19a expressly makes the provisions of § 22a-19 (a) applicable to the unreasonable destruction of historic structures and landmarks of the state that are "listed or under consideration for listing as individual units on the National Register of Historic Places." Property is deemed "under consideration" from the date that various persons are notified pursuant to federal law that the property is scheduled for consideration by the preservation board register, until the date of the final decision to either include or reject the property. 84 Connecticut Attorney General Opinions, No. 80, p. 296–97 (1984).

Even if we assume arguendo that the plaintiff was able to establish standing under § 22a-19a by showing that the property is "listed or under consideration for listing" on the National Register of Historic Places, she would nonetheless lack standing for an appeal from Probate Court pursuant to General Statutes § 45a-186.[3] The Probate Court's jurisdiction and powers have been set forth in Chapter 801a (General Statutes § 45a-98 et seq.) and are so limited. Its statutory power does not include preservation of historic landmarks nor can it claim jurisdiction over environmental issues. Furthermore, the sole issue before the Probate Court in this case was the sale of the property, not its use.

While a basic purpose of § 22a-19 (a) is to give persons standing to bring actions to protect the environ-

[3] General Statutes § 45a-186 provides: "APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. Except in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court. Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall be a trial de novo."

ment; *Red Hill Coalition, Inc.* v. *Town Plan & Zoning Commission,* 212 Conn. 727, 734, 563 A.2d 1347 (1989); and intervention in an administrative proceeding is for the limited purpose of raising environmental issues; *Connecticut Fund for the Environment, Inc.* v. *Stamford,* 192 Conn. 247, 248 n.2, 470 A.2d 1214 (1984); "General Statutes § 22a-19 does *not* expand the jurisdictional authority of an administrative body acting pursuant to a separate act of title 22a to hear any and all environmental matters, but rather, limits an intervenor to the raising of those environmental matters which impact on the particular subject of the act pursuant to which the commissioner is acting." (Emphasis in original.) *Connecticut Water Co.* v. *Beausoleil,* 204 Conn. 38, 46, 526 A.2d 1329 (1987). Even if we assume that a Probate Court is included within § 22a-19 (a), it may act only within its powers authorized by statute and an intervening plaintiff is limited to raising environmental matters relating to those statutory powers. The plaintiff may not expand the scope of that action. Id., 47. The Probate Court is a court of limited jurisdiction having only such powers as given by statute; *Prince* v. *Sheffield,* 158 Conn. 286, 293–94, 259 A.2d 621 (1969). " '[A] court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation.' " *Marcus' Appeal from Probate,* 199 Conn. 524, 529, 509 A.2d 1 (1986).

We conclude, as did the trial court, that the Redding Probate Court does not have jurisdiction to decide environmental matters, and that the plaintiff therefore had no right to intervene in the probate proceedings. The concept of standing involves aggrievement, that is, an injury in fact, plus whatever other conditions must exist to allow a party to appeal. *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 500–504,

467 A.2d 674 (1983). Because the plaintiff's claim of aggrievement rested on issues that were not within the authority of the Probate Court to decide, the Superior Court lacked jurisdiction to hear her appeal from the Probate Court order. "An appeal from probate is not so much an 'appeal' as a trial de novo with the Superior Court sitting as a Probate Court and restricted by a Probate Court jurisdictional limitations." *Gardner* v. *Balfoni,* 218 Conn. 220, 225, 588 A.2d 204 (1991). The trial court properly granted the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.