[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 17, 1995
According to the complaint, in 1987 and 1988 the plaintiff Commissioner of Environmental Protection issued abatement orders to Anne Buzaid CT Page 980 and her husband, requiring them to properly handle hazardous wastes generated on their property and to abate discharges of chemicals and wastes onto and emanating from their property. Mr. and Mrs. Buzaid did not appeal the orders although they failed to comply with them. Mr. Buzaid predeceased Anne Buzaid, and Mrs. Buzaid continued to violate the orders of the Commissioner until her death on November 19, 1993. The Commissioner now brings this action against the co-executors of her estate, seeking to enforce the orders.
The co-executors have moved to dismiss the action. They claim that this court lacks subject matter jurisdiction because the Commissioner failed to file a copy of its orders (to the Buzaids) in the City of Danbury until February 28, 1994, almost seven years after its initial order dated March 18, 1987. General Statutes § 22a-434 provides in pertinent part: "When the Commissioner issues an order to any person to correct potential sources of pollution or to abate pollution, he shall cause a certified copy thereof to be filed on the land records in the town wherein the land is located, and such order shall constitute a notice to the owner's heirs, successors, and assigns."
Said defendants claim that they "as successors of Anne Buzaid have not and did not have the statutory notice of orders required by Connecticut General Statutes Section 22a-434 and cannot be held liable for the orders which were specifically directed and made to Mr. and Mrs. Buzaid (now deceased) upon which this action is based." The court disagrees. Section 22a-434
applies only to "heirs, successors and assigns." It does not refer to fiduciaries of owners or fiduciaries of owners' estates. Fiduciaries by definition include "executors, administrators, trustees, conservators, or guardians." General Statutes § 45-199. Although the named co-executors are also the apparent successors of Mrs. Buzaid (as beneficiaries under her will), they are, for purposes of this action, fiduciaries of Mrs. Buzaid's estate, and as such have the obligation under General Statutes § 45a-234(39) "[t]o take any action necessary to deal with or prevent problems created by environmental hazards . . ." Furthermore, General CT Page 981 Statutes § 22a-434 does not provide for a time period during which a copy of the order to the Buzaids must have been placed on the land records.
Said defendants also claim that this action is in the nature of a claim against the estate and that the Superior Court has no jurisdiction because General Statutes § 45a-363 requires that a claimant cannot bring suit on a claim unless and until such claim has been rejected as provided in General Statutes § 45a-360. The court disagrees. The probate court has limited jurisdiction. General Statutes § 45a-98. Its statutory power does not include jurisdiction over environmental issues. Burton v. Dillman,27 Conn. App. 479, 481, 223 Conn. 904 (appeal den.) (1992). The Superior Court has exclusive jurisdiction to enforce the Connecticut Water Pollution Control Act. General Statutes 22a-435, 22a-437.
The Motion to Dismiss is denied.