[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (NO. 118PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES)
Plaintiff, Commissioner of Environmental Protection ("Commissioner") seeks to strike certain special defenses, claiming legal insufficiency.
Plaintiff, Timothy Keeney, Commissioner of Environmental Protection, filed a four count second revised complaint against the defendants, Merit Dry Cleaners, Inc. (Merit) and Norma A. Plue, Susan M. Asencio, Nancy L. Palmer, Donna Martin, and Norman F. Buzaid, Jr., as co-executors for the estate of Anne T. Buzaid, on May 24, 1995. In count one of the second revised complaint, the plaintiff brings an action solely against Merit to enforce the plaintiff's Modified Order No. HM-409 dated March 18, 1987 which found that Merit had violated Connecticut's hazardous waste management regulations.
In the second count, the plaintiff seeks an enforcement action against the co-executors of Anne T. Buzaid's estate; Norma A. Plue, Susan M. Asencio, Nancy L. Palmer, Donna Martin, and Norman F. Buzaid, Jr., (Co-executors). The plaintiff alleges the following facts. Anne T. Buzaid died on November 19, 1993. On March 19, 1987, the plaintiff issued Order No. HM-410 to Ms. Buzaid, finding that she and her husband, also now deceased, were the owners of the property on which the Merit Dry Cleaning facility was located. The order found that they had created a condition which was reasonably expected to cause pollution to the waters of the state and they were in violation of Connecticut's hazardous waste management regulations. The order required the Buzaids to bring their waste handling practices into compliance with state law and to investigate and remediate the contamination resulting from chemical and waste storage, handling and disposal activities at the site. The plaintiff, on July 27, 1988, modified the order to allow the Buzaids more time to comply with Order HM-410. Ms. Buzaid did not request a hearing on Order No. HM-410 or Modified Order HM-410. Therefore, both orders became final and enforceable thirty days after their issuance. At the date of her death, Ms. Buzaid had not complied with the requirements of Order HM-410.
In its third count, the plaintiff alleges a violation of General Statutes § 22a-430 by Anne T. Buzaid for maintaining a discharge of water, substance or materials to the waters of the state without a permit. The fourth count alleges that the co-executors of Anne T. Buzaid's estate and Merit are legally CT Page 2348 responsible to eliminate the conditions on the site which have been polluting the water and other natural resources of the state because of their failure to comply with their respective orders.
In its prayer for relief, the plaintiff, pursuant to General Statutes §§ 22a-6, 22a-6a, 22a-131, 22a-435 and22a-438, requests temporary and permanent injunctions prohibiting the defendants from violating the environmental protection statutes and requiring compliance with the plaintiff's orders. The plaintiff also seeks reasonable costs, expenses and civil penalties from the defendants. Finally, the plaintiff requests any other equitable or general relief.
The defendant, co-executors, filed a Motion to Strike the second, third and fourth counts of the second revised complaint on June 8, 1995. Their motion was denied by the Court, Allen, J., on July 24, 1995. The defendant co-executors filed an answer to the plaintiff's second revised complaint on September 28, 1995. In their answer, the defendant co-executors pleaded eight special defenses. The first special defense alleges that the defendant co-executors of the estate of Anne T. Buzaid are innocent landowners and any liability for compliance of any order of the plaintiff, fine, penalty or costs or any other relief sought in this action is limited by the appropriate statutes. The second special defense states the co-executors are not the owners of the property and are not responsible for any claims by the plaintiff. The third special defense claims that the co-executors were never served or issued any order by the plaintiff as required and without such order the plaintiffs cannot maintain this action against these defendants. The fourth special defense alleges that the plaintiff never properly recorded the orders issued to the deceased Anne T. Buzaid on the Danbury Land Records as required by General Statutes § 22a-434 and therefore said orders did not survive the event of her death. The fifth special defense claims the co-executors are not liable for any fines or penalties or costs as the plaintiff never issued any orders to them. The sixth special defense states any spill or pollution that occurred at the site was caused as the result of the operations of the defendant, Merit Dry Cleaners, Inc., its employees and its predecessor and not the defendant co-executors. The seventh special defense claims this action is CT Page 2349 barred by the plaintiff's failure to properly follow the requirements of General Statutes § 45a-363. The final special defense claims that the defendant co-executors are limited as provided in General Statutes § 45a-363.
The plaintiff filed a Motion to Strike all eight of the defendant co-executors' special defenses on October 10, 1995.
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co.of Hartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
"A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20,21, 467 A.2d 442 (1983). "In . . . ruling on . . . [a] motion to strike, the trial court . . . [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut NationalBank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
A. THE FIRST SPECIAL DEFENSE
In their first special defense, the defendant co-executors claim that they are innocent landowners under the statutes and entitled to the protection afforded persons in their position. The plaintiff alleges that the defendant co-executors' defense "does not apply to an enforcement action such as the order underlying the case at bar when `such action has become final, and is no longer subject to appeal,' prior to the effective date of the act." Since the order in the instant case became final before the passage of the innocent landowner acts, the plaintiff argues, the defense is inapplicable and should be stricken.
The term "innocent landowner" is used to define a person who acquires an interest in real estate, other than a security interest, after the date of a spill or discharge and is not CT Page 2350 liable for the spill or discharge. See General Statutes §22a-452d.[1] An executor can be an "innocent landowner." Id. The liability of an "innocent landowner" is limited to a lien against the real estate that has been subjected to the spill or discharge. See General Statutes § 22a-452e.[2] Pursuant to the facts alleged in the plaintiff's second revised complaint, the defendant co-executors are "innocent landowners" under the definition provided in the statutes. The defense, however, is limited in its effectiveness under the statutory provisions of § 22a-452e which permits the defense to limit liability in all enforcement actions except where the action has become final and no longer subject to appeal prior to June 30, 1993. Id.[3]
In the present case, the plaintiff's order was issued on March 19, 1987, modified on July 27, 1988. The order became final and enforceable thirty days after the modification because Ms. Buzaid did not challenge the order by requesting a hearing and waived her appellate rights. See General Statutes § 22a-436. The defendant co-executors attempt to distinguish the restriction in § 22a-452e by arguing the distinction between the definitions of an "environmental enforcement action" and an unappealable order. The defendant co-executors contend that the term action as used in § 22a-452e
clearly means the enforcement action presently pending before this court, which is not final and subject to appeal. The plaintiff argues that the enforcement action in question is the order issued to Ms. Buzaid on March 18, 1987 and July 27, 1988 which became final and unappealable on August 27, 1988. The defendant co-executors present a more persuasive case.
"A statute should not be interpreted to thwart its purpose." Building Services Corp. v. Planning zoningCommission, 208 Conn. 267, 276, 545 A.2d 530 (1988). "When construing a statute, . . . [the court does] not interpret some clauses in a manner that nullifies others, but rather read[s] the statute as a whole and so as to reconcile all parts as far as possible." (Internal quotation marks omitted.) Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 241, 558 A.2d 986 (1989). "When the plain language of a statute is unambiguous, . . . [the court does] not look further in ascertaining its meaning." State v. Laws, 37 Conn. App. 276,301, 655 A.2d 1131 (1995), citing University ofConnecticut v. Freedom of Information Commission, 217 Conn. 322,328, 585 A.2d 690 (1991). CT Page 2351
Section 22a-452e(d) applies the "innocent landowner" defense to all spills or discharges, except against any enforcement or cost recovery actions if the actions are final and no longer subject to appeal. An enforcement action is not the same creature of law as an order. In General Statutes §22a-432[4], the commissioner of environmental protection may issue an order to abate a facility or condition that does or can be expected to create a source of pollution to the waters of the state. Section 22a-432 instructs the commissioner to request the attorney general to bring an action in the Superior Court if compliance is not met. Additionally, General Statutes §§ 22a-435[5] and 22a-438[6] allow the attorney general to institute actions to request an injunction from the Superior Court and recover any penalties imposed by the plaintiff.
In the present case, the plaintiff's prayer for relief specifically requests appropriate relief under Connecticut General Statutes Chapter 446k (General Statutes § 22a-416 et seq.). The plaintiff's prayer for relief also requests an injunction under § 22a-435 and to recover costs and penalties under § 22a-438. The instant case is an example of an enforcement action referenced in § 22a-452e(d). Although the plaintiff's order is final and unappealable, the present action is not. Therefore, the plaintiff's motion to strike the defendant co-executors' first special defense that they are innocent landowners is denied.
B. THE SECOND SPECIAL DEFENSE
The plaintiff argues that the defendant co-executors' second defense should be stricken because the statutes under which liability is imposed upon the defendant co-executors do not require the plaintiff to show an ownership interest. The defendant co-executors claim that they are not the owners of the property. The plaintiff alleges that the defendant co-executors' position as executors is sufficient grounds to present the suit.
The plaintiff has been "given broad powers under the act [Connecticut Water pollution Control Act] to issue orders necessary to correct existing and potential sources of pollution and to achieve the remedial purposes of the act. Environmental statutes, considered remedial in nature, are to CT Page 2352 be construed liberally to reach the desired result." Starr v.Commissioner of Environmental Protection, 226 Conn. 358, 382,627 A.2d 1296 (1993). The act specifically provides authority to the plaintiff to enforce his orders by requesting the attorney general to bring a civil action. See General Statutes §§ 22a-424, 22a-430 (d), 22a-432, 22a-435,22a-438 (a). "[I]t is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." (Internal quotation marks omitted.) Starr v. Commissioner of EnvironmentalProtection, supra, 226 Conn. 372.
"A cause of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." General Statutes § 52-599 (a). At common law, an action did not survive the death of a party. Lynn v. Haybuster Mfg.,Inc., 226 Conn. 282, 295, 627 A.2d 1288 (1993). "The purpose of General Statutes § 52-599 is to prevent an action or right of action from being lost under the common-law rule, by the death of the possessor." (Internal quotation marks omitted.)Doucette v. Bouchard, 28 Conn. Sup. 460, 462, 265 A.2d 618
(1970). As a fiduciary, an executor is empowered to "take any action necessary to deal with or prevent problems created by environmental hazards, including, but not limited to, conducting assessments, taking any remedial action to contain, clean up or remove environmental hazards and expending estate or trust assets to accomplish any such action." General Statutes § 45a-234 (39). "[H]olding . . . [the executors] accountable for . . . [the decedent's] alleged violations of the environmental protection statutes is a desired result because the death of an alleged perpetrator of pollution should not dismiss all responsibilities associated with such conduct." Keeney v. Orsini, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 387378 (January 18, 1994, Hennessey, J., 10 Conn. L. Trib. No. 19, 616).
The plaintiff's second, third and fourth counts in its second revised complaint arose against the decedent as a result of alleged violations of the environmental protection statutes. The suit against the defendant co-executors exists as an enforcement action from the order against the decedent. The defendant co-executors are empowered to "take any action CT Page 2353 necessary" to deal with an environmental hazard. The defendant co-executors claim ownership of the property is the basis of liability in this action because the order against the decedent was issued pursuant to her real property interest in the environmental site. The defendant co-executors further argue that as executors, they have no interest in the property. However, the defendant co-executors cannot circumvent their duty as fiduciaries and cannot be excused from liability as representatives of the decedents estate.
The defendant co-executors' second special defense is insufficient as a matter of law. Ownership of the property attached in the order is irrelevant when the enforcement action is being pursued against executors. As long as the order against the decedent was proper prior to her death and she owned the property on which the order was based, the executors are responsible in an enforcement action that survives the decedent's death. Therefore, plaintiff's motion to strike the defendant co-executors' second special defense is granted.
C. THE THIRD AND FIFTH SPECIAL DEFENSES
In their third and fifth special defense, the defendant co-executors claim that they were never served or issued any order by the plaintiff. The plaintiff argues that it is not required to issue a separate order to the defendant co-executors apart from the original order issued to the decedent prior to her death. The plaintiff alleges that the defendant co-executors are attempting to argue that the plaintiff must exhaust administrative remedies which is not supported by applicable case law. In addition, the plaintiff argues that the fifth special defense addresses only a portion of the prayer for relief so it is not properly raised as a special defense.
"It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Cannata v. Department of EnvironmentalProtection, 215 Conn. 616, 622, 577 A.2d 1017 (1990). The exhaustion doctrine implicates subject matter jurisdiction.Housing Authority v. Papandrea, 222 Conn. 414, 420,610 A.2d 611 (1992). "Ordinarily, a challenge to the court's jurisdiction is raised by filing a motion to dismiss. CT Page 2354 However, whenever a lack of jurisdiction to entertain a particular proceeding comes to the court's notice, the court can dismiss the proceeding upon its own motion." Park CityHospital v. Commission on Hospitals Health Care, 210 Conn. 697,702, 556 A.2d 602 (1989). State agencies, on the other hand, are not required to exhaust their own administrative remedies before they can sue to enforce state laws. Keeney v. Fairfield Resources, Inc., Superior Court, Judicial Distinct of Hartford/New Britain at Hartford, Docket No. 532697 (March 24, 1995, Corradino, J.).
Assuming arguendo, state agencies were required to exhaust all remedies, the plaintiff issued its order to the decedent in the instant case pursuant to General Statutes §§22a-6, 22a-432, 22a-433, and 22a-449. (Second Revised Complaint, Exhibit 2). Section 22a-6 grants the plaintiff the power to issue orders to enforce the environmental protection statutes. Section 22a-432 empowers the plaintiff to request the attorney general to bring an enforcement action in the Superior Court if the plaintiff finds that the person has failed to comply with the order. Section 22a-433 allows the plaintiff to issue an order not just to the potential polluter, but to the owner of land as well. Section 22a-449
empowers the plaintiff to authorize and dictate the methods of clean up or mitigation whenever a hazardous spill or discharge occurs. The person receiving the order has a right to a hearing and appeal under General Statutes §§ 22a-436 and 22a-437. If no request for a hearing occurs within thirty days the plaintiff's order becomes final and unappealable and enforceable. See General Statutes § 22a-436.
The decedent did not request a hearing thirty days after the order was issued or thirty days after the modified order. The plaintiff, pursuant to statute, requested the attorney general to initiate an enforcement action which became this case. Plaintiff followed its administrative procedures and exhausted all remedies accordingly.
Defendant co-executors' claim that no order was issued to them directly from the plaintiff is irrelevant given the above discussion. The plaintiff did issue an order, which became final, to the decedent. The defendant co-executors are now the fiduciaries of the decedent's estate and are responsible for dealing with any environmental hazard. General Statutes § 45a-234 (39); Keeney v. Orsini, Superior Court, Judicial CT Page 2355 District of Hartford/New Britain at Hartford, Docket No. 387378 (January 18, 1994, Hennessey, J., 10 Conn. L. Trib. No. 19, 616). It is of no consequence that the plaintiff did not issue an order directly to the defendant co-executors. Nowhere in the Connecticut Water pollution Control Act does it require the plaintiff to issue an order to executors when an order was issued to a decedent and became final prior to his death.
Therefore, defendant co-executors' third and fifth special defense is not really a defense. There is no reason for the plaintiff to reissue an order that already became final and unappealable against the decedent, prior to her death, in accordance with the statutory guidelines. Plaintiff's motion to strike the defendant co-executors' third and fifth special defense is granted.
D. THE FOURTH SPECIAL DEFENSE
The defendant co-executors claim in their fourth special defense that the plaintiff never properly recorded the orders issued to the decedent as required by General Statutes § 22a-434. General Statutes § 22a-434[7] requires the commissioner to file a copy of the order on the land records in the town where the environmental site is located. The plaintiff argues that § 22a-434 does not protect executors.
The defendant co-executors attempt to replead the exact same claim found in their Motion to Dismiss #101, November 25, 1994. The court, Allen, J., held: "Section 22a-434 applies only to `heirs, successors and assigns.' It does not refer to fiduciaries of owners or fiduciaries of owners' estates. Fiduciaries by definition include `executors, administrators, trustees, conservators, or guardians.' General Statutes § 45-199. Although the named co-executors are also the apparent successors of Mrs. Buzaid (as beneficiaries under her will), they are, for purposes of this action, fiduciaries of Mrs. Buzaid's estates, and as such have the obligation under General Statutes § 45a-234 (39) `[t]o take any action necessary to deal with or prevent problems created by environmental hazards . . .' Furthermore, General Statutes § 22a-434 does not provide for a time period during which a copy of the order to the Buzaids must have been placed on the land records."Keeney v. Merit Dry Cleaners, Inc., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CT Page 2356 9537705 (January 11, 1995, Allen, J.).
This action was brought against the defendant co-executors in their capacity as fiduciaries to the decedent's estate not as beneficiaries to the decedent's estate. The earlier decision by Judge Allen clearly established that the defendant co-executors had no claim under § 22a-434, which reasoning this court adopts. Plaintiff's motion to strike the defendant co-executors' fourth special defense is granted.
E. THE SIXTH SPECIAL DEFENSE
The defendant co-executors claim in their sixth special defense that any spill or pollution that occurred at the site was caused as a result of the operations of the defendant Merit and its employees and predecessors, not the defendant co-executors. The plaintiff argues that the identity of the person or entity which initially caused the pollution at the site is not relevant to liability. As fiduciaries of the estate of Anne T. Buzaid, the plaintiff alleges, the defendant co-executors are liable regardless of whether they caused the initial pollution at the site or not.
Defendant co-executors' sixth special defense is contrary to General Statutes § 22a-433.[8] Section 22a-433 authorizes the plaintiff to hold the polluter and the owner of the contaminated site jointly and severally liable. The statute clearly indicates that a property owner is liable regardless of fault.
The plaintiff issued orders to both Merit and the decedent prior to her death. There is no question that the decedent was the property owner at the time the order requiring compliance was entered. The defendant co-executors are now responsible for the implementation of the order to remediate the environmental site. See Keeney v. Orsini,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 387378 (January 18, 1994, Hennessey, J., 10 Conn. L. Trib. No. 19, 616) (holding executors accountable for decedents violations of the environmental protection statutes).
Defendant co-executors' sixth special defense is contrary to the state's environmental protection statutes. To the extent that the defendant co-executors can claim any CT Page 2357 protection as innocent landowners under § 22a-433, the defense is adequately served by the defendant co-executors' first special defense and redundant if pleaded here. Therefore, plaintiff's motion to strike the defendant co-executors' sixth special defense is granted.
F. THE SEVENTH AND EIGHTH SPECIAL DEFENSES
In their seventh special defense, the defendant co-executors claim that this action is barred by the plaintiff's failure to follow the requirements of General Statutes § 45a-363. The defendant co-executors allege in their eighth special defense that they are limited as provided by General Statutes § 45a-363. The plaintiff argues that the requirements of § 45a-363 do not apply to actions such as the case at bar and even if § 45a-363 did apply, the statutory requirements were met by notice provided by the filing of this action. General Statutes § 45a-363[9] provides the time limitations that a rejected claim against an estate can be commenced as a civil action.
The defendant co-executors attempt to re-litigate the same issue in their earlier Motion to Dismiss #101, November 25, 1994. The court, Allen, J., found: "Said defendants . . . claim that this action is in the nature of a claim against the estate and that the Superior Court has no jurisdiction because General Statutes § 45a-363 requires that a claimant cannot bring suit on a claim unless and until such claim has been rejected as provided in General Statutes § 45a-360. The court disagrees. The probate court has limited jurisdiction. General Statutes § 45a-98. Its statutory power does not included jurisdiction over environmental issues. Burton v.Dillman, 27 Conn. App. 479, 481, 223 Conn. 904 (appeal den.) (1992). The Superior Court has exclusive jurisdiction to enforce the Connecticut Water pollution Control Act." Keeneyv. Merit Dry Cleaners, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 9537705 (January 11, 1995, Allen, J.).
"A court of probate can exercise only such jurisdiction as is expressly or by necessary implication conferred upon it by statute." (Internal quotation marks omitted.) Carten v.Carten, 153 Conn. 603, 614, 219 A.2d 711 (1966). "[E]nvironmental enforcement actions under our state's environmental statutes are primarily equitable." CommissionerCT Page 2358of Environmental Protection v. Connecticut Bldg. Wrecking Co.,227 Conn. 175, 187, 629 A.2d 1116 (1993). Probate Courts lack jurisdiction over equitable matters. Palmer v. HartfordNational Bank Trust Co., 160 Conn. 415, 432, 279 A.2d 726
(1971). The Probate Courts have no jurisdiction over environmental issues. Burton v. Dillman, 27 Conn. App. 479,481, 607 A.2d 447, cert. denied 223 Conn. 904, 610 A.2d 177
(1992).
The defendant co-executors' characterization of this action as a probate claim has been rejected earlier by Judge Allen. This case arises from an enforcement action filed by the attorney general at the request of the plaintiff pursuant to § 22a-434. It is explicitly set forth in § 22a-434 that enforcement actions will be brought in the Superior Court. The probate court lacks jurisdiction over this matter.
Therefore, defendant co-executors' defense that § 45a-363
bars the instant action is meritless. The exact claim has already been decided in an earlier motion by the defendant co-executors. The present claim is not a claim the Probate Court can take jurisdiction over. Plaintiff need not follow the probate procedures enumerated in § 45a-363. Therefore, the plaintiff's motion to strike the defendant co-executors' seventh and eighth special defenses is granted.
Defendant co-executors are within the statutory definition of "innocent landowners" and that the instant case is an enforcement action subject to appeal. Therefore, the plaintiff's motion to strike the defendant co-executors' first special defense is denied. Plaintiff's motion to strike the defendant co-executors' second third, fourth, fifth, sixth, seventh and eighth special defenses, is granted for the reasons stated above.
Schimelman, J.