MAURICE NIZZARDO *v.* STATE TRAFFIC
COMMISSION ET AL.
(AC 18417)

Lavery, Spear and Freedman, Js.

Argued June 2—officially released November 9, 1999

*Steven R. Smart,* for the appellant (plaintiff).

*Robert D. Snook,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (named defendant).

*Karen K. Clark,* with whom was *Gordon R. Paterson,* for the appellee (defendant First Stamford Corporation).

*Opinion*

SPEAR, J. The plaintiff, Maurice Nizzardo, appeals from the judgment of the trial court dismissing his

appeal from a decision by the named defendant, the state traffic commission (commission). The commission granted a traffic certificate to the defendant First Stamford Corporation (First Stamford) in connection with First Stamford's proposed shopping center development in the city of Stamford.[1] The plaintiff claims that the court improperly determined that (1) his appeal from the commission's denial of his request for environmental intervenor status was untimely filed and (2) he was not an aggrieved party. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. First Stamford sought a traffic certificate pursuant to General Statutes § 14-311 (a)[2] because it intended to erect a shopping center on Route 1 near the Stamford-Greenwich town line. The plaintiff sought intervenor status before the commission pursuant to General Statutes § 22a-19.[3] By letter dated December 2, 1996, the commission denied the plaintiff's request because (1) the petition was inadequate as it failed to state with particularity how the

[1] The other defendants in this action, in addition to the commission and First Stamford, are Richard J. Howard, executive director of the commission; the state department of transportation; and James Sullivan, the acting commissioner of transportation.

[2] General Statutes § 14-311 (a) provides in relevant part: "No person, firm, corporation, state agency, or municipal agency or combination thereof shall build, expand, establish or operate any . . . shopping center or other development generating large volumes of traffic, having an exit or entrance on, or abutting or adjoining, any state highway or substantially affecting state highway traffic within this state until such person or agency has procured from the State Traffic Commission a certificate that the operation thereof will not imperil the safety of the public."

[3] General Statutes § 22a-19 (a) provides in relevant part: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding . . . involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

environment would be affected adversely by the proposed conduct and (2) the commission has no jurisdiction over environmental issues.

The commission advised the plaintiff that he would be notified when a meeting to consider the matter was scheduled and invited him to participate in the hearing by submitting documents and comments regarding traffic operation and highway safety. The commission granted First Stamford's application on January 21, 1997, and, pursuant to General Statutes §§ 14-311 (e) and 4-183, the plaintiff appealed to the Superior Court.

First Stamford moved to dismiss the plaintiff's administrative appeal as untimely because it was not commenced within forty-five days of the commission's denial of the plaintiff's request for intervenor status as required by § 4-183 (c).[4] The court determined that the appeal was untimely with respect to the denial of intervenor status and granted the motion. The court reserved decision on whether the plaintiff otherwise was an aggrieved person who had standing to appeal the merits of the commission's decision. After an evidentiary hearing, the court found that the plaintiff was not an aggrieved person and, therefore, had no standing to appeal the decision. This appeal followed.

I

We first address the question of whether the plaintiff timely filed his appeal from the commission's denial of his request for intervenor status.

---

[4] General Statutes § 4-183 (c) provides in relevant part: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court . . . ."

"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. . . . The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it." (Citation omitted; internal quotation marks omitted.) *Cassella* v. *Dept. of Liquor Control,* 30 Conn. App. 738, 740, 622 A.2d 1018, cert. denied, 226 Conn. 909, 628 A.2d 983 (1993). "The legislature intended the forty-five day time limitation for filing of an appeal under the [Uniform Administrative Procedure Act] to remain a prerequisite to subject matter jurisdiction." *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission,* 227 Conn. 848, 854, 633 A.2d 305 (1993).

The plaintiff claims that his appeal from the commission's denial of his request for intervenor status was timely filed for a number of reasons. He asserts that (1) the December 2, 1996 letter was not a "final decision" denying intervenor status but was only a preliminary ruling pending a final decision on the granting of the application, (2) the rights of the parties were not finally fixed until the commission issued a decision on First Stamford's application, (3) the commission itself did not consider its December 2, 1996 letter a final decision and (4) an appeal prior to the commission's decision on the application would have been premature and inefficient.

The plaintiff bases his claim that the December 2, 1996 letter was not a final decision on the commission's invitation to him to participate in the hearing and to submit documents dealing with *traffic related* concerns. We disagree. The letter clearly makes a final

disposition of the plaintiff's request for environmental intervenor status. It denied that request, and the invitation to participate by way of comments or submission of documents with respect to traffic related issues was nothing more than what any member of the public would have been entitled to do. There is nothing in the December 2, 1996 letter that even hints that the commission would review the request for intervenor status at the hearing or in any way reconsider its decision on that issue. The court therefore correctly found that the December 2, 1996 letter was a final decision on the plaintiff's request for intervenor status.

We may fairly categorize the balance of the plaintiff's timeliness claims as factors that a court ordinarily would look to in ascertaining whether an administrative appeal was timely filed. In support of these claims, the plaintiff relies on General Statutes § 4-166 (3), which defines as final "the agency determination in a contested case"[5] and also provides that "[t]he term does not include a preliminary or intermediate ruling or order of an agency . . . ." The plaintiff also relies on *State* v. *State Employees' Review Board*, 231 Conn. 391, 403, 650 A.2d 158 (1994), for the propositions that (1) a consideration in determining finality is whether judicial review will disrupt "the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action," and (2) where the agency does not consider a decision to be final, such view ought to be taken into account in determining finality.

The plaintiff's claims miss the mark because he is relying on case law and statutory definitions that are useful in determining when an agency's decision is final

---

[5] General Statutes § 4-166 (2) provides in relevant part: " 'Contested case' means a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ."

for purposes of appeal where the intervention is not a matter of right. We need not examine these factors to determine whether the commission's decision here was final because the plaintiff claims the status of an environmental intervenor, pursuant to § 22a-19, as a matter of right.

Our Supreme Court has stated: "The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make a colorable claim to intervention as a matter of right." (Internal quotation marks omitted.) *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 536, 582 A.2d 1174 (1990). "Section 22a-19 (a) makes intervention a matter of right once a verified pleading is filed complying with the statute, whether or not those allegations ultimately prove to be unfounded." *Red Hill Coalition, Inc.* v. *Town Plan & Zoning Commission*, 212 Conn. 727, 734, 563 A.2d 1347 (1989). In *Winslow* v. *Lewis-Shepard, Inc.*, supra, 536, our Supreme Court noted that "the trial court's order denying [the employer's] motion to intervene, while interlocutory, is nonetheless a final judgment for purposes of appeal."

Pursuant to § 4-183, the plaintiff had forty-five days to appeal from the commission's decision denying him intervenor status. This he failed to do. Because the plaintiff failed to file a timely appeal, the court properly dismissed the appeal as to that issue for lack of subject matter jurisdiction.

II

The plaintiff also claims that the trial court improperly determined that he was not a classically aggrieved person. "The question of aggrievement is one of fact to be determined by the trial court. . . . We will reverse the trial court only if its conclusions are clearly

erroneous and violate law, logic, or reason or are inconsistent with the subordinate facts." (Citation omitted.) *Zoning Board of Appeals* v. *Planning & Zoning Commission*, 27 Conn. App. 297, 301, 605 A.2d 885 (1992).

The plaintiff first claims that he is classically aggrieved because he is an environmental intervenor. He relies on *Red Hill Coalition, Inc.* v. *Town Plan & Zoning Commission*, supra, 212 Conn. 727, for the proposition that an environmental intervenor does not have to establish classical aggrievement to appeal from an agency decision. This claim turns on the plaintiff's assertion that the court improperly dismissed his appeal with respect to the commission's denial of intervenor status. We concluded in part I of this opinion that the court properly dismissed that aspect of the appeal and the plaintiff is, therefore, not an environmental intervenor. We now turn to the plaintiff's claim that the evidence demonstrated that he was classically aggrieved.

"The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) *R & R Pool & Home, Inc.* v. *Zoning Board of Appeals*, 43 Conn. App. 563, 570–71, 684 A.2d 1207 (1996). Whether a party is aggrieved is a question of fact. *Red Hill Coalition, Inc.* v. *Conservation Commission*, 212 Conn. 710, 716, 563 A.2d 1339 (1989). The burden is on the plaintiff to demonstrate aggrievement, and "[w]e will reverse the trial court only if its conclusions are clearly erroneous and violate law, logic, or reason or are inconsistent

with the subordinate facts." *Zoning Board of Appeal* v. *Planning & Zoning Commission,* supra, 27 Conn. App. 301.

After hearing evidence on aggrievement, the court found, inter alia, the following relevant facts. The plaintiff's residence is four miles from the proposed development, and four properties in which he had an interest were located south of Route 1 in Stamford, while the proposed development was located 2000 feet north of Route 1. The plaintiff's parcel closest to the development was at least one-quarter mile away. The court noted that the plaintiff offered no evidence that his safety, as a member of the public, would in any way be at risk by the operation of the proposed development, and his testimony simply revealed speculative fears that there would be "adverse impacts upon his economic interest with respect to his various real estate holdings." The court cited *Southington* v. *State Traffic Commission,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 362840 (January 14, 1991) (3 Conn. L. Rptr. 610), for the proposition that all community members "particularly those living, or occupying land, in the immediate vicinity of the particular state highway, are interested in the public safety of that highway system; however, that general interest alone is not the 'specific, personal, and legal interest' necessary for aggrievement, permitting an appeal from a determination regarding public safety rendered by the [commission]." Id., 615–16. We agree with this proposition.

After reviewing the entire record, we conclude that the court's finding that the plaintiff was not classically aggrieved was not clearly erroneous. The plaintiff failed to demonstrate the necessary specific, personal and

legal interest in the commission's decision and, therefore, the court properly dismissed the appeal.

The judgment is affirmed.

In this opinion FREEDMAN, J., concurred.

LAVERY, J., concurring. I agree with the majority's result, but I respectfully would affirm the judgment of the trial court on a different basis.

As it correctly stated in its December 2, 1996 letter to the plaintiff denying him intervenor status, the state traffic commission (commission) has no jurisdiction over environmental issues. The plaintiff, therefore, had no standing to raise his environmental claim before the commission.

"Although proceedings before administrative agencies such as zoning and planning boards and commissions are informal and are conducted without regard to the strict rules of evidence, the hearings must be conducted so as not to violate the fundamental rules of natural justice. *Pizzola* v. *Planning & Zoning Commission*, 167 Conn. 202, 207, 355 A.2d 21 (1974). Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." *Connecticut Fund for the Environment, Inc.* v. *Stamford*, 192 Conn. 247, 249, 470 A.2d 1214 (1984).

"[General Statutes §] 22a-19, which authorizes any person to intervene in any administrative proceeding and to raise therein environmental issues must be read in connection with the legislation which defines the authority of the particular administrative agency. Section 22a-19 is not intended to expand the jurisdictional authority of an administrative body whenever an inter-

venor raises environmental issues. Thus, an inland wetland agency is limited to considering only environmental matters which impact on inland wetlands. Other environmental impacts must be raised before other appropriate administrative bodies . . . ." Id., 250–51.

Although "a basic purpose of § 22a-19 (a) is to give persons standing to bring actions to protect the environment; *Red Hill Coalition, Inc.* v. *Town Plan & Zoning Commission*, 212 Conn. 727, 734, 563 A.2d 1347 (1989); and intervention in an administrative proceeding is for the limited purpose of raising environmental issues; *Connecticut Fund for the Environment, Inc.* v. *Stamford*, [supra, 192 Conn. 248 n.2]; General Statutes § 22a-19 does *not* expand the jurisdictional authority of an administrative body acting pursuant to a separate act of title 22a to hear any and all environmental matters, but rather, limits an intervenor to the raising of those environmental matters which impact on the particular subject of the act pursuant to which the commissioner is acting." (Emphasis in original; internal quotation marks omitted.) *Burton* v. *Dillman*, 27 Conn. App. 479, 481–82, 607 A.2d 447, cert. denied, 223 Conn. 904, 610 A.2d 178 (1992). A commission "may act only within its powers authorized by statute and an intervening plaintiff is limited to raising environmental matters relating to those statutory powers." Id., 482.

"There shall be within the Department of Transportation a State Traffic Commission. . . . For the purpose of standardization and uniformity, said commission shall adopt and cause to be printed for publication regulations establishing a uniform system of traffic control signals, devices, signs and markings consistent with the provisions of this chapter for use upon the public highways. . . . Taking into consideration the public safety and convenience with respect to the width and

character of the highways and roads affected, the density of traffic thereon and the character of such traffic, said commission shall also adopt regulations, in cooperation and agreement with local traffic authorities, governing the use of state highways and roads on state-owned properties, and the operation of vehicles . . . . Said commission shall also make regulations, in cooperation and agreement with local traffic authorities, respecting the use by through truck traffic of streets and highways . . . . Said commission may place and maintain traffic control signals, signs, markings and other safety devices, which it deems to be in the interests of public safety, upon such highways as come within the jurisdiction of said commission . . . ." General Statutes § 14-298. Nothing within the legislation empowers the commission with responsibility for the environment.[1]

"The concept of standing involves aggrievement, that is, an injury in fact, plus whatever other conditions must exist to allow a party to appeal. . . . Because the plaintiff's claim of aggrievement rested on issues that were not within the authority of the Probate Court to decide, the Superior Court lacked jurisdiction to hear [the] appeal from the Probate Court order." (Citation omitted.) *Burton* v. *Dillman,* supra, 27 Conn. App. 482–83. Because the issues he sought to raise by means of intervention were beyond the scope of the commission's authority, the plaintiff was not aggrieved and therefore lacked standing. The court properly dismissed the plaintiff's appeal for lack of jurisdiction.

---

[1] I note that the department of environmental protection is the state agency authorized pursuant to title 22a of the General Statutes "to conserve, improve and protect [this state's] natural resources and environment." (Internal quotation marks omitted.) *Glendenning* v. *Conservation Commission,* 12 Conn. App. 47, 51, 529 A.2d 727, cert. dismissed, 205 Conn. 802, 531 A.2d 936 (1987).