[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANT LONG WHARF GALLERIA, LLC, HUMMEL BROTHERS, INC., NEW HAVEN ACQUISITIONS, LLC, FUSCO CORPORATION AND REDFIELD REALTY COMPANY
The above-captioned matter is an administrative appeal filed by The Connecticut Post Limited Partnership ("Connecticut Post"), which alleges that it was denied intervenor status in an administrative proceeding in which the New Haven City Plan Commission ("plan commission") approved a Site Plan Review, including a Coastal Site Plan Review and Soil Erosion and Sediment Control Review, for demolition of three properties on the site of the regional shopping mall which Long Wharf Galleria, LLC seeks to develop in New Haven. Connecticut Post appeals both from the denial of its petition to intervene and from the plan commission's approval of the site plan. The site plan approval challenged by Connecticut Post was not the site plan for the entire mall project, but was concerned only with the demolition of 152 Water Street, 10 Brewery Street and a portion of 500 Sargent Drive, a preparatory phase for development of the site that includes these properties.
Long Wharf Galleria, LLC ("Long Wharf") and the other entities listed in the title of this ruling have moved to dismiss Connecticut Post's appeal on the ground that Connecticut Post has failed to allege facts that would support a finding that it has standing to appeal the administrative action at issue.
Long Wharf asserts that Connecticut Post's appeal should be dismissed because Connecticut Post lacks standing either as a party classically CT Page 11600 aggrieved from the plan commission's action or as an intervenor pursuant to Conn. Gen Stat. § 22a-19 (a), a provision of the Connecticut Environmental Protection Act of 1971, Conn. Gen. Stats. §§ 22a-14, et seq. That enactment provides in pertinent part that "[i]in any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, . . . any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."
Standard of review
In its brief, Long Wharf has correctly stated the standard for review of a motion to dismiss an administrative appeal: "The motion must be granted if, even when viewed in the light most favorable to the plaintiff, the allegations in the complaint fail to state a claim within the court's subject matter jurisdiction. Lawrence Brunoli, Inc. v. Townof Branford, 247 Conn. 407, 410-411 (1999); Savage v. Aronson,214 Conn. 256, 264 (1990)." (Long Wharf brief in support of motion to dismiss, Jan. 31, 2000, p. 6). Despite its recognition of the standard for assessing the adequacy of allegations concerning aggrievement, Long Wharf has set forth evidence in its brief and has appended documents to it suggesting that this court should undertake factual determinations concerning standing in connection with this motion to dismiss.
"In ruling on a motion to dismiss a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Villager Pond, Inc. v. Town of Darien, 54 Conn. App. 178, 183
(1999).
At this stage, only the adequacy of pleading of aggrievement, not the adequacy of proof of aggrievement, is at issue, and the court has not based its analysis on Long Wharf's submissions of documents and other factual materials.
Allegations of legal interest
In its brief in opposition to Long Wharf's motion to dismiss, Connecticut Post does not claim to have alleged facts supporting classical aggrievement; however, it does claim to have alleged facts sufficient to assert standing under § 22a-19. CT Page 11601
In its appeal, Connecticut Post alleges that it is a Connecticut limited partnership with a place of business located at 1201 Boston Post Road, Milford, Connecticut (Appeal, paragraph 1.); that on October 18, 1999, it wrote to the New Haven City Plan Commission requesting a public hearing concerning the demolition application; and that it enclosed with that letter a verified petition to intervene in the proceedings, alleging that the activities proposed involved conduct which "has, or is reasonably likely to have the effect of unreasonably polluting impairing or destroying the public trust in the air, water or other resources of the state." (Appeal, para. 26.) Connecticut Post alleges that the plan commission decided not to hold a public hearing and not to act on or make any findings with regard to its petition to intervene. (Appeal, para. 28.) Connecticut Post also alleges that it was its intention, had it been granted intervenor status and had a hearing been conducted, to present evidence that the activity proposed in the application would result in the loss of habitat and degradation of water quality in intertidal flats, that it would result in disposition of contaminated fill material into New Haven Harbor, that the activity proposed would degrade water quality and storm water quality and impair coastal resources, and that it would be inconsistent with the Coastal Resource Protection Plan, under the Connecticut Coastal Management Act, Conn. Gen. Stats. §§ 22a-90, et seq. (Appeal, para. 28.) Connecticut Post alleges that the plan commission failed to give it an opportunity to present evidence concerning these environmental issues, failed to require and consider evidence concerning them, and granted the application. (Appeal, paras. 29, 30, 31.)
Sufficiency
The Connecticut Environmental Protection Act of 1971, at § 22a-19
(a), set forth above, specifically provides that any entity may intervene as a party to raise the likelihood of unreasonable pollution, impairment or destruction of the public trust in natural resources in "any administrative, licensing or other proceeding, and in any judicial review thereof made available by law."
On its face, § 22a-19 authorizes intervention in "any" administrative proceeding to assert that the proceeding involves environmentally harmful conduct as defined in the statute, which is quoted above. The Connecticut Supreme Court has, however, construed the statute to reconcile it with other statutes that limit the powers of various administrative and regulatory agencies and commissions to particular subject matter, and to allow the assertion only of those environmental concerns defined in § 22a-19 that are relevant to the actual conduct being reviewed. Connecticut Fund for the Environment,Inc. v. Stamford, 192 Conn. 247 (1984); Connecticut Water Co. v.CT Page 11602Beausoleil, 20 Conn. 38, 46 (1987).
In Connecticut Fund for the Environment, Inc. v. Stamford, supra,192 Conn. 247, a would-be intervenor tried to present evidence related to environmental concerns that it conceded was not related to inland wetlands to a board that regulated activities affecting wetlands and watercourses. Connecticut Fund for the Environment, Inc. v. Stamford,
supra, 192 Conn. 249. The Court ruled that because the agency's authority was limited to inland wetlands, questions concerning air and noise pollution and environmental problems created by increased traffic should instead have been raised before the Stamford planning board, which the Court implied had jurisdiction to consider such claims. Connecticut Fundfor the Environment, Inc. v. Stamford, supra, 192 Conn. 251.
In Middletown v. Hartford Electric Light Co., 192 Conn. 591, 597
(1984), the Supreme Court explained the scope of § 22a-19 in a case in which the plaintiff had not invoked that statute but had brought a direct claim for injunctive relief pursuant to § 22a-16:
 We have recently concluded . . . that invocation of the EPA is not an open sesame for standing to raise environmental claims with regard to any and all environmental legislation. In Connecticut Fund for the Environment, Inc. v. Stamford, [supra] 192 Conn. 247
. . ., we held that § 22a-19 of the EPA, which permits any person, on the filing of a verified pleading, to intervene in any administrative proceeding and to raise therein environmental issues "must be read in connection with the legislation which defines the authority of the particular administrative agency. Section 22a-19 is not intended to expand the jurisdictional authority of an administrative body whenever an intervenor raises environmental issues. Thus, an inland wetland agency is limited to considering only environmental matters which impact on inland wetlands. Other environmental impacts must be raised before other appropriate administrative bodies, if any, or in their absence by the institution of an independent action pursuant to § 22a-16."
(Emphasis supplied.)
The Supreme Court did not rule that § 22a-19 authorizes intervention only if the agency acting in a matter has been authorized to decide environmental matters. Rather, the Court has ruled to the effect that issues of impairment of a particular protected natural resource must CT Page 11603 be relevant to the issue or resource subject matter over which the administrative agency or commission has authority.
The Supreme Court explained the scope of its ruling in Connecticut Fundfor the Environment in Connecticut Water Co. v. Beausoleil, supra,204 Conn. 46:
 In Middletown v. Hartford Electric Light Co., [supra,] 192 Conn. . . . 596 . . . and Connecticut Fund for the Environment, Inc. v. Stamford, [supra,] 192 Conn. . . . 250 . . ., we recognized that General Statutes § 22a-19 does not expand the jurisdictional authority of an administrative body acting pursuant to a separate act of title 22a to hear any and all environmental matters, but rather, limits an intervenor to the raising of those environmental matters which impact on the particular subject of the act pursuant to which the commissioner is acting. Middletown v. Hartford Electric Light Co., supra [192 Conn.] 597; Connecticut Fund for the Environment, Inc. v. Stamford, supra, [192 Conn.] 250-51.[1]
(Emphasis in original; footnote added.)
The Appellate Court has suggested a more limiting construction, stating that intervention is authorized by § 22a-19 only if the administrative body has jurisdiction to act on the basis of environmental issues. For example, in Burton v. Dillman, 27 Conn. App. 479, 481, cert. denied, 223 Conn. 904 (1992), the Appellate Court upheld a dismissal for lack of standing where a party sought to intervene in a probate court matter concerning the sale of a home claimed to be an historic landmark. The court ruled that the probate court's statutory power "does not include preservation of historic landmarks nor can it claim jurisdiction over environmental issues." The court in Burton v. Dillman, supra,27 Conn. App. at 481, also observed, however, that the probate court was ruling only on the proposed sale of the property, not on its use. This observation suggests a sufficient alternative reason for finding a lack of standing: the agency was not acting on conduct that actually implicated use of the claimed protected resource.
Similarly, in Connecticut Post Ltd. Partnership v. South CentralConnecticut Regional Council of Governments, 60 Conn. App. 21, 35-36
(2000), which concerns the same mall development as the case now before this court, the Appellate Court stated that "[t]he right to invoke environmental standing depends on whether the asserted environmental claim falls within the statutory jurisdiction of the particular CT Page 11604 governmental agency authorized to adjudicate such a claim."[2] While this analysis suggests a narrow reading of § 22a-19 as permitting intervention to assert environmental claims only in proceedings in which the the agency operates under a statute that authorizes review of the environmental issues raised, another statement of the court in the same case undermine such a reading. The court stated, with regard to the South Central Connecticut Regional Council of Governments (which it referred to as "the planning commission"), that "[i]t may well be that the plaintiff's complaint may invoke environmental standing to challenge future decisions by the planning commission or other government actors concerning the viability and the propriety of the Long Wharf plan as it is finally configured. The plaintiff does not, however, have such standing now."
If the Appellate Court meant that only an agency with environmental jurisdiction could consider environmental issues raised pursuant to § 22a-19, then it would be nonsensical to state that the present issue could not be presented but such issues might be presented to the very same agency in the future. The Appellate Court cannot be understood as speculating that the enabling statutes of the planning commission would be amended in the future to include environmental jurisdiction. Rather, the comment is best understood in the context of Connecticut Fundfor the Environment v. Stamford, supra, 192 Conn. 247, and Middletownv. Hartford Electric Light, supra, 293 Conn. 591, as meaning that the plaintiff might have standing as to future phases of the mall development before the same commission if those future issues are within the subject matter jurisdiction of the planning commission. If the court regarded this commission as one that would never have jurisdiction to consider issues raised under § 22a-19, it could not logically have made the comment about raising environmental issues in the future.
The New Haven zoning ordinances, at Section 55, require an agency reviewing proposed activities in a coastal management district, such as the plan commission, to determine whether the proposed activity complies with the standards of the Connecticut Coastal Management Act. Unlike the plaintiff's in Connecticut Fund for the Environment v. Stamford,192 Conn. 247 (1984), the plaintiffs in the instant case seek to raise environmental claims relevant to the subject matter of the application.
The allegations of Connecticut Post's appeal, set forth above, identify an effort to intervene for the purposes stated in § 22a-19 (a), a denial of that petition through failure to act on it before approving the demolition application, and an approval of the application that Connecticut Post opposed. In the circumstances presented, that is, a plan commission with legal authority to review demolition activities on the coastline, the activity that Connecticut Post asserts would cause CT Page 11605 environmental damage, these allegations are sufficient allegations of aggrievement pursuant to § 22a-19 (a).
The Connecticut Supreme Court has ruled that § 22a-19 (a) intervenors have standing to appeal the final action of the administrative agency. Branhaven Plaza, LLC v. Inland WetlandsCommission, 251 Conn. 269 (1999); Red Hill Coalition, Inc v. ConservationCommission, 212 Conn. 710, 714 (1989); Mystic Marine Life Aquarium, Inc.v. Gill, 175 Conn. 483, 489-90 (1978). This court cannot find any basis to adopt Long Wharf's position that because Connecticut Post was denied intervention, it has no standing to appeal the plan commission's decision, since such a construction disregards the right of intervention specifically enacted by the legislature in § 22a-19 (a).[3] The Connecticut Administrative Procedure Act, at Conn. Gen. Stat. § 4-183
(b), provides for appeal of a preliminary, procedural or intermediate agency action, such as denial of intervention, if "it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling." The availability of appeal of final decisions by § 22a-19 (a) intervenors, confirmed in the cases cited above, leads to the conclusion that appeal is also available for alleged denial of intervention.
The Supreme Court's ruling in Branhaven Plaza, LLC v. Inland WetlandsCommission, supra, defeats Long Wharf's argument that a party who is denied intervention may only intervene in an appeal brought by another, but may not initiate an appeal under § 22a-19 (a). The clear aim of that enactment is to confer standing to raise the specified environmental issues in the administrative proceeding without regard to the wishes of applicants or others, which may be to disregard such issues as hindrances to development aims. As Representative Ajello commented in legislative debate of the provisions giving citizens standing to raise environmental claims, . . . our purpose . . . is to have the ordinary citizen of the state of Connecticut be able to get a piece of this particular action by taking action where it seems that no one else will or can."14 H.R. Proc., Pt. 2, 1971 Sess., p. 756.
Long Wharf argues to the effect that Connecticut Post's motivation is not to protect the environment but to protect itself from the development of a competitor mall within eight miles of its mall in Milford. Long Wharf invites this court to abandon legal principles and apply a sincerity test, disregarding the words of § 22a-19 (a) on the basis of surmise concerning the plaintiff's motivation. That invitation is declined. The court cannot, and will not, in deciding a motion to dismiss, prejudge the merits of an administrative appeal or deny legal rights to party on the basis of an opponent's suspicions as to its motives. CT Page 11606
Long Wharf urges this court to decide the motion to dismiss by reaching the merits of Connecticut Post's claim that it was wrongly denied intervenor status. Long Wharf urges that the petition for intervention was not specifically addressed to the demolition phase that the administrative agency was reviewing but that it challenged the mall development project as a whole. The issue whether Connecticut Post was rightly or wrongly denied intervenor status by the New Haven City Plan Commission is not a matter to be decided upon a motion to dismiss. "The fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before the court and not on the issues he wishes to have adjudicated." Connecticut Association of Boards ofEducation, Inc. v. Shedd, 197 Conn. 554, 558 (1985). "Standing is an examination of the parties, not the merits of the action." (Citations omitted.) Manchester Environmental Coalition v. Stockton, 184 Conn. 51,64 (1981).
Having filed a petition to intervene pursuant to Conn. Gen. Stat. § 22a-19, Connecticut Post has standing to challenge the denial of that petition, and the merits of its petition cannot furnish a basis for determining the motion to dismiss.
Conclusion
The allegations of the complaint are sufficient to allege standing under § 22a-19 (a) to appeal both the denial of intervenor status and the plan commission's administrative determination authorizing the activities set forth in the application.
The motion to dismiss is denied.
Beverly J. Hodgson Judge of the Superior Court